HUGUNIN v. DEWEY *et ux.*

1. **Homestead:** CONVEYANCE IN TRUST: ABANDONMENT. The legal title to the homestead was held by the husband; the husband and wife joined in conveying it to a third party under an agreement that it should be conveyed by the grantee to the wife. *Held*, that the conveyance did not constitute an abandonment, or affect the homestead right.

*Appeal from Jones District Court.*

FRIDAY, JUNE 8.

THE material facts appear in the opinion.

*H. A. Wiltse* and *Thomas F. Withrow* for the appellant.

*Bissell & Shiras* for the appellee.

LOWE, Ch. J.—We glean from the record and the evidence, as certified, the following facts as constituting the occasion of this controversy, which is in the nature of a creditor's bill:

*1. HOME-STEAD: conveyance in trust: abandonment.*

The plaintiff holds the balance ($200) of an unsatisfied judgment against the defendant, Dennis S. Dewey, rendered in April, 1861, on a note given in July, 1859. Having a return of *nulla bona* upon his execution, he charges that the said Dennis, his wife Adeline and their co-defendant, Oliver S. Lincoln, fraudulently combined together to hinder and delay the creditors of the defendant, D. S. Dewey, and that in pursuance of this unlawful purpose, the said D. S. Dewey, on the seventh day of January, 1861, conveyed, without any consideration, 160 acres of land described in the petition, to the said Oliver S. Lincoln, to be held in secret trust by him for the benefit of the said Dewey and his wife, and asks that the same be subjected to the payment of his judgment.

The answers deny very fully the fraud and combinations charged, the secret trust and want of consideration for the conveyance of the land to Lincoln, and set up in detail the circumstances of the transaction which invested Lincoln and *Mrs. Dewey* with the legal ownership of the land in controversy, namely, that Dewey and wife were the owners and occupiers of a valuable homestead in Waukegan, Illinois, worth some $6,000, for about which sum it was sold. Mrs. Dewey, however, only consenting to the sale thereof upon condition that her husband would purchase another homestead in the same place worth some two thousand dollars, and have the title taken in her own name, which was accordingly done.

That afterwards the husband purchased the land now in dispute situated in Iowa near Monticello, in Jones county, and erected a mill thereon. Wishing to secure a debt by mortgaging his wife's homestead in Waukegan, he made

an agreement with her to the effect that if she would consent and the property was sold under the mortgage and lost to her, she should have in lieu thereof, in her own right, forty acres and a dwelling on the land in Iowa, which is a part of the same land now in question.

She did consent, the mortgage was afterwards foreclosed and the property was taken from her. In 1857 they removed to their Iowa home, which they have since occupied. All this transpired long before the debt to the plaintiff was contracted.

In the meantime the defendant Lincoln made advances to his brother-in-law, Dewey, amounting to near $2,500; some of these advances were made several years prior in point of date to the plaintiff's becoming a creditor of the said Dewey, and a portion of it secured by deed of trust on this same land. In January, 1861, an agreement was entered into between Dewey and Lincoln, whereby the latter was to take 120 acres of this tract in payment of his claim. In conveying, however, to him, it was further arranged and understood at the time that he, Lincoln, should take the title to the whole 160 acres, which included the homestead of 40 acres equitably belonging to Mrs. Dewey, and afterwards to reconvey to her. The reason given in the answer of each one of the defendants for this arrangement, and also in the evidence of the only two witnesses who testified, was, that the trade between Dewey and Lincoln occurred in the winter when there was a heavy snow upon the ground and the weather inclement; that the homestead forty took in parts of several legal subdivisions, the boundary lines of which had not been surveyed and marked, and could not be at that season of the year. Hence without such survey defining the line of the homestead, a deed properly describing the 120 acres could not be made to Lincoln, therefore it was arranged for him to take a title to the

whole land, holding in trust for Mrs. Dewey the homestead until the same could be surveyed and platted, and then to reconvey to her, which he subsequently did.

The court below held the transaction between Dewey and Lincoln unimpeachable, and sustained the same, but decreed that the homestead of Mrs. Dewey should be subjected to the payment of plaintiff's judgment. Upon what ground it so decreed we are unable to understand; certainly the fraud as charged is not sustained by the evidence. The depositions of only two witnesses were taken and introduced, those of Mr. and Mrs. Dewey.

In the main, they support, if they prove anything, the facts as above stated. We attach but little, if any, importance to the circumstance that she had in her own right a homestead in Illinois, of which she was divested for and on account of her husband's debts, and for which she had the promise of her husband of a new home in Iowa.

It is enough that they established a home in the State, and were occupying the same years before the debt to the plaintiff was contracted. As against him, the laws of this State protect her in the use and occupancy thereof, as well as exempts it from the liabilities of her husband.

The fact that she joined her husband in conveying it to Lincoln under the circumstances stated, ought not to operate against her. Because the reason for so doing was satisfactorily explained. It was a transfer simply of the naked legal title, in trust for her, without any consideration in fact paid — the equity, use and possession all remaining in her.

Then there was no legal necessity for this change in the legal title of the homestead in order to place it beyond the reach of the plaintiff's claim, for it was effectually shielded by the provision of the homestead law from such claim, whilst the legal title was in the husband, as it is now that the legal title is in the wife.

Being, therefore, nothing in the transaction upon which we can predicate a fraudulent purpose, we shall order the bill dismissed as to all the defendants.

Reversed.