WILLIAM JACKSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

In counties where there are Criminal Courts of Record, justices of the peace have in criminal causes no trial jurisdiction as distinguished from mere power as committing magistrates to inquire into criminal charges with reference to the detention for trial, or bail, or discharge of the accused.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J. :

Plaintiff in error was arrested on a charge of larceny, and being arraigned before a justice of the peace of Duval county pleaded not guilty, and was sentenced to pay a fine of ten dollars and costs of court, and in default of payment to be confined in the county jail at hard labor for a term of sixty days. Being in custody of

the sheriff under the process issued on such judgment, he obtained from the Judge of the Fourth Judicial Circuit a writ of *habeas corpus*.

There is in Duval county a Criminal Court of Record established under Section 24 of Article V of the Constitution; and the question involved here is whether or not in counties where there are Criminal Courts of Record, justices of the peace have any trial jurisdiction of criminal causes as contradistinguished from mere power to inquire into criminal charges with reference to the detention, bail, or discharge of the accused. The Circuit Judge decided in favor of the jurisdiction and remanded the petitioner.

The provisions of the Constitution bearing upon this question are as follows:

The Circuit Courts shall have exclusive original jurisdiction * * of all criminal cases not cognizable by inferior courts. * * They shall have final appellate jurisdiction in * * all criminal cases arising in the county court or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's court, and of all cases arising before justices of the peace in counties in which there is no county court (Section 11, Art. V).

The county judge "shall have the power of a committing magistrate" (Section 17, Art. V).

"County courts * * shall have jurisdiction * * of misdemeanors" (Section 18, Art. V). County courts, it may be remarked, can exist only in those counties where the Legislature may see fit to create them (Section 18, Art. V); but county judges are provided by the Constitution independent of legislative discretion.

The county commissioners of each county shall divide it into as many justice districts, not less than two,

as they may deem necessary. There shall be·elected one justice of the peace for each of the said districts. He shall hold his office for four years (Section 21, Art. V). In each county where there is no county court as provided in Section 18 of this Article, the justices of the peace shall have jurisdiction * * in such criminal cases, except felonies, as may be prescribed by law; and in counties where county courts are establised, as provided for in Section 18 of this Article, every justice of the peace * * shall have power to issue process for the arrest of persons charged with crime, and to make the same returnable before himself or the county judge for examination, discharge, commitment or bail of the accused. * * Appeals from justices of the peace courts to Circuit Courts in criminal cases shall be tried *de novo* under such regulations as the Legislature may prescribe (Section 22, Art. V).

There shall be established in the county of Escambia, and upon application of a majority of the registered voters, in such other counties as the Legislature may deem expedient, a Criminal Court of Record, and there shall be one judge for each of said courts. * * (Section 24, Art. V). The said courts shall have jurisdiction of all criminal cases not capital which shall arise in said counties respectively (Sec. 25). All offenses triable in said court shall be prosecuted upon information under oath to be filed by the prosecuting attorney, but the grand jury of the Circuit Court for the county in which said court is held may indict for offenses triable in the criminal court. Upon the finding of such indictment the Circuit Judge shall commit or bail the accused for trial at the criminal court, which trial shall be upon information (sec. 28). The county courts in counties where such Criminal Courts are es-

tablished shall have no criminal jurisdiction and no prosecuting attorney. Section 29. Other sections make provisions not necessary to be noticed (Sections 26, 27, 30, 31, 32, Art. V).

Our conclusion is that in criminal causes justices of the peace have no trial jurisdiction, as distinguished from mere examining jurisdiction, in counties where there is a Criminal Court of Record, as there is in Duval county. It is true that Section 22 of Article V, *supra*, provides that they shall have, in each county where there is no county court under Section 18, jurisdiction in. such criminal cases, except felonies, as may be prescribed by law, and that in any county where there is such county court, only an examining jurisdiction; but in our judgment this is not conclusive of the question. It is clear that a Criminal Court of Record was intended to have original jurisdiction of all criminal cases, not capital, arising in the county where it may be established; a jurisdiction coextensive. as to territory with that of the county court, and much more liberal as to the character of offenses, yet including also all those cognizable by the county court. This . original jurisdiction is subject to the appellate jurisdiction of the Circuit Court in cases of misdemeanor (sec. 11, Art. V), and to that of the Supreme Court in cases of felony (sec 5, Art. V). In the nature of things it is not probable that the convention or the people would have given justices of the peace even a limited concurrent trial jurisdiction with a purely criminal court specially established for the purpose of trying all the offenses, not capital, committed in the county, and particularly so when by Section 29 concurrent jurisdiction has been denied even to the county courts; still this could not be relied on to control an otherwise

clear import of a constitution. However, we see that wherever there is a Criminal Court of Record all offenses *"triable"* in said court—that is, all offenses of which such court has jurisdiction—*"shall be prosecuted* upon information under oath to be filed by the prosecuting attorney," and that although the grand jury may indict for offenses triable in such court, the trial has to be upon information. The Constitution clearly means that wherever there is a county criminal court that no offense, not capital, committed in the county shall be tried in any other manner. Its purpose in providing the court and making this declaration was that wherever the Legislature, acting, as it is their duty to do, upon an application by a majority of the voters of a county, should establish a Criminal Court of Record, such court should have the exclusive jurisdiction to try all offenses, not capital, committed in the county. Wherever there is such a court the organic law gives to any person charged with such an offense the right to be tried in it under the forms and safeguards indicated. That this court seems to have been overlooked in framing Section 22, *supra*, does not change the affect of the provisions as to it specially referred to.

We see that whenever there may be both a county court and a Criminal Court of Record in a county, the former court has no criminal jurisdiction; still it is apparent that under these circumstances justices of the peace would have no trial jurisdiction in criminal cases, but all such jurisdiction, in cases not capital, would be vested in the criminal court, it being the intent that this court shall have the entire original trial jurisdiction exclusive of all other courts in such cases. It is therefore plain that the intent of the convention and the people was that the Criminal Court of Record

should, where there was a county court, not only supply its place in the exercise of original jurisdiction in criminal cases, but have an increased original jurisdiction; and it is not natural to suppose that it should supplant justices of the peace of any trial jurisdiction in criminal cases where there is a county court in the same county, and not do so where there is not one. Taking into view all the provisions of the Constitution bearing upon the question, we are satisfied that its purpose and effect was that the original jurisdiction of the Criminal Court of Record should be exclusive, and that where there is such a court, justices of the peace have no trial jurisdiction in criminal causes. The justice of the peace was without jurisdiction in the premises and his proceedings are void. The plea of guilty entered by the accused could not confer jurisdiction withheld by the people.

The cause will be remanded with directions that the judgment of the Circuit Court be reversed, and a judgment entered discharging the petititioner William Jackson from further detention under such judgment, and commitment of the justice of the peace.