ROBERT MUGGE, *Plaintiff in Error*, v. WARNELL LUMBER AND VENEER COMPANY, A CORPORATION, *Defendant in Error*.

1. The rules used in construing statutes are in general applicable in construing constitutions.

2. In construing and applying provisions of a constitution the leading purpose should be to ascertain and effectuate the intent and object designed to be accomplished.

3. In determining the meaning of words in a constitution they should be taken not separately, but in conjunction with other words, and considered in the light of the purpose of the law-makers as shown by the provisions as an entirety.

4. When words may import different meanings they should have the meaning and effect designed to be given them as appears by a fair consideration of the whole context in view of the object intended to be accomplished.

5. When consideration is given to all the provisions on the subject it is apparent that the intent, purpose and policy of the constitution is to confer upon the Supreme Court appellate jurisdiction in all civil cases that the Circuit Courts exercise original jurisdiction of and determine, and to vest in the Circuit Courts appellate jurisdiction in all civil cases that the county courts exercise original jurisdiction of and determine.

6. The words "originating" and "arising" as used in the sections of the constitution relating to the appellate jurisdiction of the Supreme Court and of the Circuit Courts refer to all cases which the Circuit and County Courts respectively exercise original jurisdiction of and determine.

7. Where a County Court is established by the legislature in a county, it has original jurisdiction over all such causes as are assigned to its jurisdiction by the constitution whether such causes have already been instituted in the Circuit Court or not. And where cases over which such County Court has exclusive original jurisdiction have already, before the establishment of such County Court, been instituted in the Circuit Court, such Circuit Court, immediately upon the establishment of the County Court, ceases to have original jurisdiction over all such causes, and they are transferred for trial and determination from the Circuit Court to such County Court *ex proprio vigore* the legislative act establishing such County Court, and over all such civil causes so transferred to and determined by such County Court the Circuit Court under the constitution has exclusive final appellate jurisdiction. If the Judge of the Circuit Court is disqualified to hear and determine appellate proceedings in any such cause because of orders made therein by him while the cause was pending in the Circuit Court, the law provides for a hearing therein before some other qualified Circuit Judge. The Supreme Court in such civil cases has no appellate jurisdiction whether the cause was in fact originally instituted in the Circuit Court or not.

8. The Circuit Court, not the Supreme Court, has appellate jurisdiction over final judgments of a County Court, in causes commenced in the Circuit Court, but transferred by operation of law upon the creation of the County Court to the latter court.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Glen & Himes,* for Plaintiff in Error;

No appearance for Defendant in Error.

WHITFIELD, C. J.—The Warnell Lumber and Veneer Company brought an action against Robert Mugge in the Circuit Court for Hillsborough County. While the action was pending in the Circuit Court a County Court for Hillsborough County was established by an act of the legislature, and the cause not then being within the juris-diction of the Circuit Court was transferred to such county court where a judgment was rendered in favor of the plaintiff below.

Counsel for the defendant below have presented here a motion for a writ of error to the said judgment of the county court. A writ of error is under the statutes of this State a writ of right and issues on demand; but as the case raises a question of appellate jurisdiction the motion is presented so the jurisdictional feature may be deter-mined before the writ of error is issued. See Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441.

The provisions of the constitution to be considered are: "The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in the Circuit Courts." Sec. 5, Art. 5. "The Circuit Courts * * * shall have final appellate jurisdiction in all civil and criminal cases arising in the county court." Sec. 11, Art. 5. The

county courts have no equity jurisdiction in any county. Nor do the county courts have criminal jurisdiction in counties where criminal courts of record are established therein. Section 29 Article 5 Constitution; Jackson v. State, *infra*. There is a Criminal Court of Record in Hillsborough County.

The rules used in construing statutes are in general applicable in construing constitutions. 8 Cyc. 729.

In construing and applying provisions of a constitution the leading purpose should be to ascertain and effectuate the intent and the object designed to be accomplished. In determining the meaning of words they should be taken not separately, but in conjunction with other words and considered in the light of the purpose of the lawmakers as shown by the provisions as an entirety. Where words may import different meanings they should have the meaning and effect designed to be given them as appears by a fair consideration of the whole context in view of the object intended to be accomplished. There is no question of general and special or particular intent here. See 2 Lewis' Sutherland Statutory Construction (2nd ed.) chapter 347 *et seq.;* Board of Public Instruction v. County Commissioners, decided at this term; Conklin v. Goldsmith, 5 Fla. 280; Southern Bell Telephone & Telegraph Co. v. D'Alemberte, 39 Fla. 25, 21 South. Rep. 570.

When consideration is given to all the provisions on the subject it is apparent that the intent, purpose and policy of the constitution are to confer upon the Supreme Court appellate jurisdiction in all civil cases of which the circuit courts take original jurisdiction, and to vest in the circuit courts appellate jurisdiction in all civil cases of which the county courts take original jurisdiction. With this in view the language "all cases at law or in equity originating in the circuit courts" and "all civil cases arising in the county courts" as used in the sections of the

constitution above quoted, clearly mean all cases that such courts respectively exercise original jurisdiction of and determine. This conclusion is supported by a consideration of the provisions of the constitution giving to the circuit courts and the county courts specified but different appellate jurisdiction in civil cases, and also giving to the circuit and county courts current original jurisdiction in certain classes of civil cases. The words "originating" and "arising" as used in the sections relating to appellate jurisdiction must refer to all cases that circuit courts and county courts respectively exercise original jurisdiction of and determine.

If the Supreme Court has no appellate jurisdiction of cases determined in the county court because the constitution intends that the circuit court alone has such jurisdiction, and the circuit court has no appellate jurisdiction of cases determined in the county court where they did not actually commence or arise in that court but were begun or originated in the circuit court and were transferred to the county court when it was organized by the Legislature, then such cases cannot be reviewed by writ of error anywhere. This was not contemplated in making the organic law.

The constitution provides in section 18 of Article 5 that "the legislature may organize in such counties as it may think proper, county courts which shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars," &c, of which class of cases, that exceed the jurisdiction of justices of the peace, the circuit court had exclusive original jurisdiction before the county court was established. When a county court is established, the circuit court for the county has no original jurisdiction of such cases at law as the county court has exclusive original jurisdiction of, because the constitution estab-

lished the circuit courts and provides in section 11 of Article 5 that "the circuit courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, *not cognizable by inferior* courts," and the constitution intended the county courts to be established to relieve the circuit courts of a part of their jurisdiction. See Jackson v. State, 33 Fla. 620, 15 South. Rep. 250. The constitution expressly gives the circuit and county courts concurrent original jurisdiction in cases of forcible entry and unlawful detainer.

In providing appellate jurisdiction the constitution contemplates that the circuit courts shall have appellate jurisdiction of *all cases* cognizable in the county courts after they are established, including those cases that are cognizable in the county courts, but were actually begun in and transferred from the circuit courts. Therefore the phrase "all civil and criminal cases arising in the county court," as used in the section of the constitution above quoted, must mean and refer to *all cases* cognizable in the county court after it is organized by the legislature pursuant to the authority of the constitution, which of course includes the cases commenced in the circuit court and transferred to the county court when organized.

Chapter 5987 laws of 1909 under which the county court for Hillsborough County was organized makes no provision for the transfer from the circuit court to the county court of such causes as the latter court has jurisdiction of; but such transfer was proper under the provision of the constitution that "The Circuit Courts shall have exclusive original jurisdiction * * * in all cases at law, not cognizable by inferior courts," and in view of the terms and purpose of the act organizing the county court.

Where a county court is established by the legislature in a county, it has original jurisdiction over all such causes as are assigned to its jurisdiction by the constitu-

tion whether such causes have already been instituted in the circuit court or not. And where cases over which such county court has exclusive original jurisdiction have already, before the establishment of such county court, been instituted in the circuit court, such circuit court, immediately upon the establishment of the county court, ceases to have original jurisdiction over all such causes and they are transferred for trial and determination from the circuit court to such county court *ex proprio vigore* the legislative act establishing such county court, and over all such civil causes so transferred to and determined by such county court the circuit court under the constitution has exclusive final appellate jurisdiction. If the Judge of the Circuit Court is disqualified to hear and determine appellate proceedings in any such cause because of orders made therein by him while the cause was pending in the circuit court, the law provides for a hearing therein before some other qualified circuit judge. The Supreme Court in such civil cases has no appellate jurisdiction whether the cause was in fact originally instituted in the circuit court or not.

The Circuit Court, not the Supreme Court, has appellate jurisdiction over final judgments of a county court, in causes commenced in the circuit court, but transferred by operation of law upon the creation of the county court to the latter court.

The decision in the case of Blue v. State, 32 Fla. 53, 13 South. Rep. 637, was based upon provisions of the constitution relating to criminal cases. Whether the Judge of the Circuit Court would be disqualified to hear and determine writs of error in cases transferred to the county court is a question of the disqualification of a particular judge, and does not affect the jurisdiction of the courts under the constitution. The Supreme Court has no juris-

diction to issue a writ of error directly to a judgment of a county court or to determine a cause upon such a writ of error, therefore the motion for the issuance of the writ of error is denied.

All concur.