RILLA BYRD, *Appellant,* v. GEORGE BYRD, *et al., Appellees.*

Opinion Filed February 9, 1917.

A conveyance of the homestead real estate to the wife executed by the husband alone is void.

Appeal from Circuit Court for Calhoun County; Cephas L. Wilson, Judge.

Decree affirmed.

*Paul Carter,* for Appellant;

*J. M. Calhoun* and *Moses Guyton,* for Appellees.

WHITFIELD, J.—George Byrd and others, children and heirs of O. B. Byrd, deceased, brought suit for partition against Rilla Byrd, widow of the decedent. Partition was decreed and the defendant appealed.

It appears that in 1906 O. B. Byrd executed a deed conveying his homestead real estate to his wife, it being stated in the deed that the grantor "may have the use and occupancy of the said premises, free of rent, during the period of her natural life." O. B. Byrd died in 1912 while living on the premises.

If the deed executed to his wife was ineffectual as a conveyance of O. B. Byrd's homestead real estate. the widow had no exclusive title against the children of the decedent.

The constitution in effect provides that "the holder of a homestead" may alienate it "by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists."

In Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594, it is said: '

"The constitutional exemptions apply only to property owned by the head of the family. The exemptions are for the benefit of the family, and inure to the widow and heirs of the party entitled to the exemption. The methods prescribed for the alienation of the exempted real estate are restrictions designed for the protection of all the beneficiaries of the exemption. Therefore, the prescribed methods of alienation are as essential when the homestead real estate is alienated to members of the family as to others.

"The right of the owner to voluntarily alienate the property, real or personal, to which the constitutional exemption attaches is not given by the constitution. This right is inherent as an incident to or an attribute of the ownership of the property. But the constitution

provides: 'that the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists;' and that 'nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife if such relation exists.' The law prescribes how deeds of conveyance and mortgages of real estate shall be duly executed by husband and wife.

"The words 'alienable' and 'alienating' are used in the quoted sections of the constitution in the sense of conveying or transferring the legal title, or any beneficial interest in, the exempt homestead real estate during the life of its owner. The method by which the homestead shall be alienated, i. e. conveyed or transferred, being expressly and specifically prescribed and defined in the constitution to be by joint consent and by deed or mortgage duly executed by husband and wife when that relation exists, all other methods of alienation are inhibited. Therefore no instrument is effectual as an alienation of or a conveyance or transfer of title to or any interest in the homestead real estate, without the joint consent of husband and wife when that relation exists, which joint consent shall be evidenced by a deed or mortgage duly executed and acknowledged by the husband and wife with the formalities prescribed by law for conveyances by husband and wife."

Even though the wife of "the holder of a homestead" is the grantee in and accepts a deed of conveyance of a homestead, executed by the husband alone, this does not dispense with the organic provision requiring such deed to be "duly executed by * * * husband and wife if such relation exists."

The attempted conveyance being void, and the husband being in possession of the homestead at his death

in 1912, no question of title by adverse possession appears for decision.

Partition proceedings being appropriate, the decree is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.