MINNIE G. RAWLINS, *Appellant*, v. THE DADE LUMBER COMPANY, *Appellee*.

Opinion Filed June 23, 1920.

Petition for Rehearing Denied October 14, 1920.

1. Under Sections 1 and 2 of Article X of the Constitution, if the head of a family residing in this State is the owner of a homestead as defined by the Constitution, at the death of such owner, "the exemptions provided for shall inure to the widow and heirs" if the owner be a married man. The statute prescribes who are to be the "heirs" and what interests or rights in "the exemptions provided for in" the Constitution "shall inure to the widow and heirs of the party entitled to such exemption."

2. As to real estate other than a homestead, the *"children and their descendents"* of a male parent are his "heirs;" Section 2295, General Statutes of 1906; but as to the home-

stead real estate, *if there are no children* of the owner of a homestead at his death, and he leaves a wife surviving him, she takes the entire property.

3. Where the husband who lived on his homestead with his wife, they having no children, leaves his wife on the homestead and lives elsewhere in the same town, the wife remaining on the homestead, and the husband executes a deed of conveyance of the homestead to the wife, such conveyance may be a relinquishment to the wife of the husband's rights in the homestead, there being no children to whom the homestead could "inure" as heirs of the husband, and the homestead may be exempt from the lien of judgments obtained against the husband after the relinquishment by conveyance to the wife. In such a case if the homestead rights have been lost, the conveyance to the wife for a sufficient consideration would give her a title to the exclusion of the liens of judgments obtained against the husband after the conveyance to her, there being no fraud.

An Appeal from the Circuit Court for Broward County; E. B. Donnell, Judge.

Decree reversed.

*G. A. Worley & Son,* for Appellant;

*Evans & Bell,* for Appellee.

WHITFIELD, J.—From the transcript herein, it appears that on July 1st, 1916, C. B. Rawlins and his wife, Minnie G. Rawlins, occupied as their home in the town of Fort Lauderdale, Florida, a house on a lot owned by the husband. They had no children. The house was on Lot 7, but contiguous thereto were Lots 3 and 5, all in "Lot Three of Subdivision of Block (56) in the Town of Ft. Lauderdale, Florida," all the lots being owned by the

husband and in area less than one-half acre. On July 1st, 1916, the husband left his wife and subsequently took up his abode at his brother's home in the same town, leaving the wife occupying the homestead alone, which she continued to do, a lady companion being with her a part of the time. In October, 1916, the husband brought suit for divorce. On June 30th, 1917, the husband alone executed to the wife a deed of conveyance of the home-stead real estate described above, including also other property not material to be considered here. In August, 1917, a divorce was granted to the husband. On October 27th, 1917, C. B. Rawlins executed to Minnie G. Rawlins an instrument stating "that whereas the said C. B. Rawlins and Minnie Rawlins were, on the 30th day of June, A. D. 1917, man and wife, and whereas at said time there was a divorce suit pending between the said parties, to-wit, C. B. Rawlins and Minnie Rawlins, and whereas the same was being contested and a claim by the said Minnie Rawlins interposed for suit money, attorney's fees and permanent alimony, and whereas the said parties previous to the said 30th day of June, A. D. 1917, arrived at a settlement or agreement to be considered a marriage settlement whereby certain property was to be deeded by the said C. B. Rawlins to the said Minnie Rawlins in lieu of alimony, suit money, and attorney's fees, and in full settlement of all claims of alimony or other kinds, and in full and complete understanding having been arrived at by the parties and agreement made, the said C. B. Rawlins did, on the 30th day of June, A. D. 1917, by deed convey to the said Minnie Rawlins described property, * * * which said property was transferred for the consideration aforesaid, which said deeds were duly acknowledged, signed, sealed and delivered, * * * and whereas the said deeds did not relate the fact that

the said C. B. Rawlins and Minnie Rawlins were husband and wife, and deeded to the said Minnie Rawlins as a marriage settlement; now, therefore, this deed is made for the purpose of making clear upon the records the true meaning and intent of the deeds heretofore referred to, and for the purpose of making a complete and absolute title to the said property in the said Minnie Rawlins."

In March, 1918, a judgment was recovered against C. B. Rawlins for a pre-existing indebtedness, and the levy of an execution following the judgment upon the lots conveyed on June 30th, 1917, by C. B. Rawlins to his then wife was enjoined at the suit of the grantee brought against the sheriff and the judgment creditor of C. B. Rawlins. Subsequently, after various proceedings had in the suit not material on this appeal, the chancellor dissolved, and on a rehearing granted again dissovlved the injunction as to the described homestead real estate, and from the latter order Minnie G. Rawlins appealed on June 23, 1919. On July 3rd, 1919, the bill of complaint was dismissed, but no appeal therefrom appears.

The pertinent organic and statutory provisions are as follows:

"Section 1. A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from the sale for taxes or assessments, or for the payment of obligations contracted for

the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article.

"Section 2. The exemptions provided for in Section One shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section." Secs. 1 & 2, Art. X, Const.

"Whenever a person who is the head of a family residing in this State, and having his homestead herein, shall die and leave a widow surviving him, but no children, the homestead shall descend to the widow and shall not be the subject of devise by last will and testament; but if there be any child or children surviving him, then the widow shall be entitled to dower or a child's part in such homestead, as she may elect to take a child's part, in other cases, and should she not elect to take a child's part, she shall be confined to dower in such homestead property; but she may take under the will, such other property as may be given to her thereby or dower therein as she may elect." Sec. 2297, Gen. Stats. 1906.

Under Sections 1 and 2 of Article X of the Constitution, if the head of a family residing in this State is the owner of a homestead as defined by the Constitution, at the death of such owner "the exemptions provided for shall inure to the widow and heirs" if the owner be a married man. The statute prescribes who are to be the "heirs" and what interests or rights in "the exemptions

provided for in" the Constitution "shall inure to the widow and heirs of the party entitled to such exemption."

There being no children, the wife, under the statute, Section 2297, would be the sole heir and beneficiary thereof had the husband died owning the homestead; and the moving away and the conveyance by the husband to the wife were but a relinquishment of his rights in the property that had been the homestead in favor of the sole beneficiary thereof. See Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 South. Rep. 440; Montgomery v. Dane, 81 Ark. 154, 98 S. W. Rep. 715, 118 Am. St. Rep. 37; 13 R. C. L. 633.

The rights of the former wife in the property are to the exclusion of creditors of the husband who obtained judgment against him after the relinquishment by conveyance to the former wife, she remaining in possession of the homestead property from the time the husband left the wife and the home place to live at another place in the same city. The instrument of October 27th, 1917, merely stated added considerations for the relinquishment of the husband's rights. This holding does not conflict with previous decisions that a conveyance of the husband's homestead to the wife by a deed executed by the husband alone is void when there are "heirs" of the husband entitled to rights in the homestead. Byrd v. Byrd, 73 Fla. 322, 74 South. Rep. 313.

Homestead rights inure to the widow and heirs of the *owner* of the homestead who must be *the head of a family residing in this State*. It is for this reason that when there are children or a child of the husband a conveyance of homestead real estate to the wife by the husband alone is void under the Constitution prescribing the method by which homestead real estate may be alienated.

If the husband is the head of the family and conveys his homestead real estate to his wife, the homestead rights may be thereby affected to the detriment of the heirs of the head of the family, unless the husband has no children.

As to real estate other than a homestead, the *"children and their descendants"* of a male parent, are his "heirs"; Section 2295, General Statutes of 1906; but as to the homestead real estate, *if there are no children* of the owner of a homestead at his death, and he leaves a wife surviving him, she takes the entire property. Sec. 2297, Gen. Stats. 1906.

Even if the appellant had no homestead rights in the property, then the conveyance to her was for a consideration sufficient in law to give her a title to the exclusion of the creditors of C. B. Rawlins who obtained judgment after the conveyance to appellant, no fraud appearing. Sec. 2457, Gen. Stas. 1906.

The sheriff was not a necessary party to test the correctness of the order appealed from. Even though no supersedeas order was obtained on the appeal herein and the sale which the complaint sought to enjoin has taken place, the appeal should not for that reason be dismissed as substantial property rights are involved that may not be destroyed by an illegal execution sale. A dismissal of the bill of complaint when this appeal was pending was improper.

The decree appealed from is reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., dissent.