Rutii · Mobley Miller, *et al.*, v. Mary E. Mobley, a widow, *et al.*

186 So. 797.
Division A.
Opinion Filed February 21, 1939.
Rehearing Denied March 10, 1939.

*Latimer A. Long* and *G. P. Garrett,* for Appellants;

*W. Kenneth Barnes,* for Appellees.

Buford, J.—The facts are sufficiently stated in the opinion prepared by Mr. Justice Chapman so as to need no repetition by me, except to say that in my opinion the statement, "There was no money or other consideration moving from Mary E. Mobley to J. S. Long and wife, Hazel T. Long," is not correct. Mary E. Mobley and her husband, Irvin E. Mobley were owners of the mortgage and notes as an estate by the entireties and when she surrendered her in-

terest in that mortgage and the notes in consideration of a re-conveyance of the property it constituted a good and valuable consideration.

Our conclusion is that when Mobley and his wife sold and conveyed the property for full consideration, part of which was $13,000 cash and the balance evidenced by mortgage and notes executed to them in such manner as to constitute an estate by the entireties, moved off of the property and delivered possession to their vendees, they thereby abandoned the property as the homestead and brought to an end the homestead status of that property; and when they later took conveyance of the property from the Longs as an estate by the entireties in consideration for the surrender of the notes and mortgage which were held as an estate by the entireties and re-established their home thereon, the property then took on a new and independent homestead status unconnected with that which had existed prior to the abandonment, which occurred on the sale and delivery of the property to the Longs, and thereafter they occupied that property as homestead under a title vested in Mobley and his wife as an estate by the entireties.

It follows that under this state of facts and the legal principles applicable thereto on the death of Irvin E. Mobley the entire title became vested in his surviving wife under the law as to estates held by the entireties. See Gulf Refining Co. v. Ankeny, *et al.*, 102 Fla. 151, 135 Sou. 521, and cases there cited.

This case is to be differentiated from those cases where husband and wife conveyed without consideration to a third party as a conduit for the purpose of having the property reconveyed to the wife or to the husband and wife as an estate by the entireties. Therefore, the rule applying to those cases has no application here because in this case there was a valid and binding sale of the property and a

conveyance thereof by the husband and wife in the manner provided by law for a good and sufficient consideration and, as we see it, there is no difference between the result of this transaction and that which would have obtained had Mobley and his wife sold the property to the Longs for cash and put that money in the bank as an estate by the entireties, and at some later date negotiated with the Longs, or some successor in title, for the repurchase of the property and had taken the same money from the bank and paid for the property, taking a deed to the land conveying it to them as an estate by the entireties.

We, therefore, think the decree of the Chancellor should be affirmed.

So ordered.

TERRELL, BROWN and THOMAS, J. J., concur.

CHAPMAN and WHITFIELD, J. J., dissent.

CHAPMAN, J. (dissenting)—This case is here on appeal from a final decree holding the equities of the cause to be with the defendant and dismissing, without prejudice, the amended bill of complaint. The amended bill of complaint sought a partition of the homestead. The answer alleged that Mary E. Mobley and husband, prior to his death, were the owners of the property as tenants by the entireties. Counsel for the parties litigant are substantially in accord on the facts, viz.: On January 23, 1894, Irvin E. Mobley acquired the fee simple title to the SW¼ of NW¼ of Section 2, Tp. 28, South, Range 17 East, in Hillsborough County, Florida. Shortly after acquiring title thereto, he and his wife took possession of the property, making it their home, and developed it by planting seedling citrus trees thereon. Three children were born to the marriage, viz.: Ruth Mobley Miller, Fred Mobley, and Esta Mobley King. In 1911 Ollie Mobley deserted her husband and he

obtained a divorce, and in 1914 married Mary E. Mobley, and one child, viz.: Ernest Mobley, was born to the marriage. The parties made their home on the lands above described from date of marriage until July, 1926, when Irvin E. Mobley and his wife, Mary E. Mobley, conveyed the homestead to J. S. Long and wife, Hazel T. Long, for an agreed price of $35,000, of which $13,000 was paid in cash and notes and mortgage were made payable to Irvin E. Mobley and wife, Mary E. Mobley, representing the balance due on the purchase price of the homestead. The Mobleys immediately moved from the homestead, and in the year 1929 J. S. Long and wife, Hazel T. Long, purchasers, finding themselves financially unable to pay for the property, reconveyed the same to Irvin E. Mobley and Mary E. Mobley, who upon receipt of the deed, in 1929, returned to the homestead and continued to reside thereon, making it their home until the death of Irvin E. Mobley. The notes and purchase price mortgage were delivered to the Longs by Irvin E. Mobley and the indebtedness cancelled. Irvin E. Mobley was living on the property as his homestead at the time of his death. The children of the first marriage filed a bill of complaint seeking a partition of the homestead property, making Mary E. Mobley, the widow, and her son, Ernest Mobley, and others, defendants. Mary E. Mobley asserted ownership of the homestead property as the sole surviving tenant by the entireties under the conveyance from J. S. Long and wife Hazel R. Long to Irvin E. Mobley and Mary E. Mobley, dated May 6, 1929.

It is clear that the land was used as a homestead from the time of purchase by Irvin Mobley in 1894 until the sale thereof in 1926, when he moved away. It is not shown that Mary E. Mobley, placed any money in the property, but after her marriage to Irvin Mobley during the year 1914, took up her place of abode and made the property her

home as his said wife. She at no time asserted ownership or an interest therein until 1926, when she agreed to sign the deed to the property, thereby releasing her inchoate right of dower, provided her husband, Irvin Mobley, would make her a payee in the purchase price notes and mortgage. When the deed made May 6, 1929, reconveying the homestead property to Irvin Mobley and wife Mary E. Mobley, there was no money or other consideration moving from Mary E. Mobley to J. S. Long and wife, Hazel T. Long, the purchase price mortgage being cancelled of record and marked paid by her husband, Irvin Mobley, when the Mobleys took up their home again on the land where Irvin Mobley took Mary E. Mobley to live when he married her in the year 1914. It is beyond dispute that the property involved is the homestead of the late Irvin Mobley and its alienation is controlled by Sections 1 and 4 of Article 10 of the Constitution of Florida. The conveyance on May 6th, 1929, to Mary E. Mobley by the Longs was without consideration and her machinations about being made one of the payees of the purchase notes and mortgage in the form to induce her to sign the deed thereby releasing her possible dower, is not a sufficient compliance with Article 10 of the Constitution of Florida. It is not within her power to defeat the provisions and requirements of Article 10, *supra*. Its provisions must be followed to make a valid conveyance. Section 2 of Article 10 of the constitution of Florida provides that the homestead shall inure to the *widow and heirs* of the party entitled to the exemption. See Hutchinson v. State, 79 Fla. 157, 84 So. 151; Rawlins v. Dade Lumber Co., 80 Fla. 398, 86 So. 334.

We cannot agree to the conclusion that Mary E. Mobley is the sole owner as a surviving tenant by the entireties of the above described property through the conveyance dated May 6, 1929, from J. S. Long and wife Hazel T. Long, to

Irvin Mobley and wife Mary E. Mobley: (a) because the deed is without consideration; (b) because it would place it within her power to defeat the provisions of Article 10 of the Constitution of Florida; (c) her property right in and to the homestead is her dower interest as the widow of Irvin Mobley; (d) she has no power to defeat the interest and ownership of the children of Irvin Mobley by his first marriage and plaintiffs below. See Church v. Lee, 102 Fla. 478, 136 So. 242; Bess v. Anderson, 102 Fla. 1127, 136 So. 898; Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Hill v. First Nat. Bank, 79 Fla. 391, 84 So. 190; Johns v. Bowden, 68 Fla. 32, 66 So. 155; Norton v. Bays, 88 Fla. 1, 102 So. 361; Semple v. Semple, 82 Fla. 138, 89 So. 638; Byrd v. Byrd, 73 Fla. 322, 74 So. 313; Croker v. Croker, 9 Fed. (2nd) 409.

The decree appealed from is reversed for further proceedings in the lower court not inconsistent with this opinion.