**WILLIAM ESTEP and DORA L. ESTEP, husband and wife, v. MARIE WERNER HERRING.**

18 So. (2nd) 683                                                June Term, 1944
June 30, 1944                                                   Division A

*Talbot Whitfield,* for appellees.

*Whit Newberry,* for appellees.

*Jones & Latham,* for intervenors.

TERRELL, J.:

E. L. Herring and Marie Werner Herring were married in 1933. At that time, E. L. Herring owned in fee Lots 21, 22, 23, 24, 25, and 26 in Block 112 of East King tract in the City of Pensacola, all of which were claimed and designated as his homestead. About one year after the marriage, E. L. Herring deeded direct to Marie Werner Herring Lots 21, 22, 23 and 26 of said described lands with the improvements thereon.

After the death of E. L. Herring a year or more later, Marie Werner Herring entered into contract to convey the last enumerated lots to William Estep and Dora L. Estep, his wife. The intervenors are children of E. L. Herring by a former marriage and resist the conveyance to the Esteps.

This suit was brought by the Esteps to require performance with their contract.

The question here turns on the validity of the deed from E. L. Herring to his wife Marie Werner Herring as to Lots 21, 22, 23, and 26, they being a portion of the homestead and the conveyance having been direct from husband to wife.

Appellants contend that the deed from Werner to his wife amounted to a severance of the lots so described from the homestead and that under Section 689.11, Florida Statutes of 1941, it then constituted a valid conveyance of the lots thus separated and conveyed. It is further contended that the homestead being divided into adjacent lots, it was competent for the husband to convey a portion of the lots to his wife for business purposes.

We do not think Section 689.11, Florida Statutes, 1941, affects the conveyance of the homestead property. The purpose of this statute was to authorize conveyance of real estate other than the homestead direct from husband to wife but as to conveyance of the homestead, Section Four, Article Ten of the Constitution is exclusive and no conveyance of any part of the homestead is valid except by deed duly executed by husband and wife when that relation exists. Thomas v. Craft, 55 Fla. 842, 46 So. 594; Byrd v. Byrd, 73 Fla. 322, 74 So. 313, and Church v. Lee, 102 Fla. 478, 136 So. 242.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.