140 So.2d 876 (1962)
Marie B. MOOREFIELD, Individually and As Executrix of the Estate of Helen Dunk, Deceased, Appellant,
v.
Charles M. BYRNE, Jr., Ellen A. McMahon, Betty Byrne Buchman, Patricia Byrne Doughty and Nancy Byrne Laney, Appellees.
No. 61-383.
District Court of Appeal of Florida. Third District.
May 15, 1962.
Rehearing Denied May 31, 1962.
Anderson & Nadeau, Miami, for appellant.
James D. Kirtley, Miami, for appellee.
Before HORTON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
This is an appeal by defendant from an adverse judgment in ejectment. The property involved had been the homestead of Charles M. Byrne. The five plaintiffs were his children by a first marriage.
Byrne was divorced from the mother of the plaintiffs. Thereafter he moved to Florida and acquired the property which is the subject of this suit. He married again and proceeded to live on the property with his new wife and her daughter by a prior marriage, Marie B. Moorefield. After establishing the homestead, Byrne attempted to make a transfer of the property to himself and his wife as tenants by the entireties by a conveyance in which his wife did not join. The defendant-appellant Marie B. Moorefield, in her pleadings and brief, does not dispute the proposition that the property became a homestead when the father of the plaintiffs lived thereon as the head of a family with his wife Helen and the defendant. However, she contends the subsequent conveyance created an estate by the entireties under which her mother became the owner by right of survivorship.
The conveyance of the homestead by the husband without joinder by the wife was void under Art. X, §§ 1 and 4, Fla. *877 Const., F.S.A.[1] See Estep v. Herring, 154 Fla. 653, 18 So.2d 683; Jahn v. Purvis, 145 Fla. 354, 199 So. 340; Byrd v. Byrd, 73 Fla. 322, 74 So. 313; Thomas v. Craft, 55 Fla. 842, 46 So. 594. Section 689.11, Fla. Stat., F.S.A., permitting creation of estates by the entireties by deed from a husband to his wife, is inapplicable to homestead property, which under organic law may be alienated only by deed or mortgage duly executed by husband and wife when that relation exists. Here, while the homestead continued, the husband died. His will devising all property to his wife was ineffective as to the homestead, which descended, as provided by statute, to the widow for life with vested remainder to the plaintiffs. Sections 731.05(1), 731.27, Fla. Stat., F.S.A.[2] The appellant's argument, that the plaintiffs could not inherit under the homestead statute of descent because their parents were divorced and they were nonresidents of Florida and had not resided on the property, is rejected as without merit. Plaintiffs came within the statute as "lineal descendants in being at the time of the death of the decedent." Thereafter, the wife died, leaving a will under which her daughter Marie, the defendant here, was sole beneficiary. Upon the death of the widow, the said children owned the homestead property and were entitled to possession. The trial court was eminently correct in so construing and applying the law, and the judgment appealed from should be and hereby is
Affirmed.
NOTES
[1] "Section 1. Exemption of homestead; extent.  A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * *"

"Section 4. Homestead may be alienated by husband and wife.  Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."
[2] "731.05 Property which may be devised

"(1) Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads. * * *
"731.27 Descent of homesteads
"The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent."