McCORD, Acting Chief Judge.
Appellant seeks to have a deed of homestead dated December 26, 1961, declared null and void because her father, Carl S. Swisher, and his wife transferred the property to the Carl S. Swisher Foundation, Inc. without consideration. The trial judge disagreed and denied relief. We affirm.
The deed was a conveyance of the remainder interest in the homestead property to a charitable foundation for which Carl Swisher claimed and received a reduction in his 1961 federal income taxes of approximately $52,000. The fair market value of the homestead at the date of sale was $110,-000 and the value of the remainder was estimated to be $58,000. Competent testimony revealed that Carl Swisher, a very wealthy man, would need to earn approximately $575,000 to retain $52,000 in cash after paying the income tax thereon. Although Carl Swisher disinherited his children in his will, he stated that his reason for doing so was because the children would receive a substantial inheritance from their grandfather’s estate. In fact, appellant testified that in 1974, she received stocks valued at over one million dollars from her grandfather’s testamentary trust. We consider that the tax reduction constituted “appropriate consideration” such as to satisfy case law.
Article 10, Section 4, of the 1885 Florida Constitution, which governs this case, provides:
“Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law.”
Neither statutory nor constitutional law explicitly requires “appropriate consideration.” Rather, consideration is an implied limitation engrafted upon the alienation of homestead property by court decisions. Robins v. Robins, 360 So.2d 10 (Fla. 2 DCA 1978), cert. denied, 365 So.2d 714 (Fla.1978); Jackson v. Jackson, 90 Fla. 563, 107 So. 255 (1925).[1] Every case cited by the appellant and discovered by our independent research involves a gratuitous transfer to a spouse or child, either directly or through a straw person. The courts deciding those cases did not contemplate a case involving a voluntary conveyance resulting in a direct and immediate benefit to the grantors of a $52,-000 tax deduction. The reasoning employed in Jackson, supra, supports the view that the tax reduction was sufficient consideration for transfer of the homestead. There the court said:
“A due alienation of the homestead real estate to others for an appropriate consideration, or an abandonment of the property as the homestead, might not be without benefit to the widow and heirs of the owner[s]; but a voluntary transfer of the homestead to the wife would be without benefit to the husband’s children, to whom, with the widow, the homestead would pass at the owner’s death.” 107 So. at 256, 257.
Here, it is clear that retention of $52,000 of income which otherwise would be paid *400 out in taxes was a benefit to Swisher and his wife, and therefore possibly to his children, including appellant. Following the reasoning of Jackson, appellant’s homestead rights were protected by this conveyance to the same extent as they would have been had Swisher and his wife conveyed the property to a third party from whom they received $575,000 consideration. Swisher and his wife would have retained only $52,-000 after federal income taxes from such a sale, but under all previous authority, such a sale would be valid.
As shown by the evidence, appellee Foundation was created and managed to receive from Swisher and his wife properties for charitable purposes and to realize substantial tax reduction under the United States Internal Revenue Code. It is obvious that the purpose of this transfer was not to arbitrarily deprive the children (each wealthy in his own right) of their homestead rights but its purpose was to realize the $52,000 tax saving and at the same time to make a contribution to charity. While this tax saving is not consideration flowing from the grantee to the grantors, it has resulted in a substantial cash benefit to the grantors. We find no violation of the constitutional proscription.
AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.

. Article 10, Section 4(c), of the 1968 Constitution now states in part:
“The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse.”