VIRGINIA BESS, a widow, *Appellant*, vs. BEATRICE G. ANDERSON, HELEN FRANCES MONROE and her husband, GEORGE B. MONROE and E. C. ROMPH, as Trustee, *Appellees.*

136 So. 898.

Division B.

Opinion filed October 7, 1931.

Petition for rehearing denied November 13, 1931.

*Blackwell & Gray,* for Appellant;

*Thomas S. Ferguson* and *Reeves Bowen,* for Appellees.

WHITFIELD, P.J.—In partition proceedings it is in effect alleged that Thomas K. Bess was the owner of described real estate upon which he lived with his family; that Thomas K. Bess and his wife without consideration executed a conveyance of the homestead land to E. C. Romph as trustee who as trustee on the same day without consideration executed a conveyance of the same land to Thomas K. Bess and his wife "for the purpose of vesting an estate by the entireties in said lands in the said Thomas K. Bess and his wife"; that, subsequently while living with his family on the land, Thomas K. Bess devised all of his property to his wife, and died June 3, 1929, leaving a widow and two married children, who under the constitution would be beneficiaries of the homestead real estate. The court overruled demurrers to the bill for partition and the widow appealed.

The constitution provides that the homestead "real estate shall not be alienable without the joint consent of husband and wife, when that relation exists." Where a husband and wife without consideration purport to convey the

husband's homestead real estate to a third person as trustee, who as trustee, on the same day and without consideration makes a purported conveyance of the same land to the same husband and wife, for the purpose of vesting an estate by the entireties in the homestead land in the husband and wife, such purported conveyances are not such an alienation of the homestead real estate as is permitted by the constitution; and they are ineffectual to convey the homestead land or to create an estate by the entireties in the homestead real estate. See Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Norton v. Baya et al., 88 Fla. 1, 102 So. 361. As when the husband died, he had living children though they were married, the homestead could not be devised to his wife. Griffith v. Griffith, 59 Fla. 512, 52 So. 609; Morgan v. Bailey et al., 90 Fla. 47, 105 So. 143; Johns v. Bowden, 68 Fla. 32, 66 So. 155.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.