EDWARD C. BARNOTT, *et al.,* v. JOHN P. PROCTOR, *et al.*

174 So. 404.
Opinion Filed April 21, 1937.
Petition for Rehearing Denied June 2, 1937.

*Patterson, Blackwell & Knight,* for Appellants;

*Walsh, Beckham & Ellis* and *William B. Farley,* for Appellees.

WHITFIELD, P. J.—In a bill of complaint brought by children of Edward Barnott, deceased, against their mother, now Mrs. Mary A. Peden, a widow, and John P. Proctor and his wife, it is in substance alleged that on or prior to July 20, 1892, Edward Barnott "homesteaded" described land in Dade County, Florida, "and on the 20th day of July, 1892, paid in full the amount required for the purchase of said property"; that on January 21, 1893, a United States patent therefor was issued to him:

"That on and prior to the 20th day of July, 1892, and at all times thereafter, the said Edward Barnott was the head of a family, consisting of himself, his wife, Mary A. Barnott, and the following children who are parties in this cause, to-wit; Edward C. Barnott, William Henry Barnott, John Herbert Barnott, Oliver D. Barnott, Thomas A. Barnott, Albert S. Barnott, Mary A. Kennedy, formerly Mary A. Barnott, and Alice E. Sturdevant, formerly Alice E. Barnott;

"That on the 20th day of July, 1892, and at all times thereafter, during the life of said Edward Barnott, he had and held possession of the above described property, resided thereon with his said wife and children and claimed the same his homestead; that the said property was the

homestead of the said Edward Barnott and remained so until his death;

"That in the year 1900 the said Edward Barnott died intestate, * * *;"

That on November 14, 1892, Edward Barnott and his wife, Mary A. Barnott, the father and mother of defendant appellants, executed a voluntary conveyance of the homestead to John H. Peden, a bachelor, who without valuable consideration conveyed the same land to Mary A. Barnott, the wife of Edward Barnott; that said deeds of conveyance were duly recorded December 20, 1892, and were executed for the purpose of conveying the homestead property from Edward Barnott to his wife; that subject to the dower rights of Mary A. Barnott, now Mary A. Peden, a widow, the fee simple title to said homestead is vested in the children of Edward Barnott, deceased; that after the death in 1900 of Edward Barnott, his widow, Mary A. Barnott, married John H. Peden and that he "is not now in life";

"That since the death of the said Edward Barnott, the plaintiffs have, at no time, abandoned the said homestead. but they have lived on portions of the same, and that their mother, Mary A. Peden, formerly Mary A. Barnott, now resides on a portion of said property;

"That on the 30th day of June, 1928, the defendant, Mary A. Peden, executed to the defendant, John P. Proctor, a mortgage covering a portion of the homestead property, to-wit:

"Lots 'H,' 'J,' 'K' and 'P,' except the south 80 feet of lot 'K,' according to a plat thereof, recorded in plat book 5, page 90 of the public records of Dade County, Florida, the said lots being a part of Government Lot 4, Section 5,

Township 53 South, Range 42 East, said lots being a part * * * of the homestead of Edward Barnott: * * *

"That thereafter and on the 25th day of March, 1931, the defendant, John P. Proctor, filed bill against Mary A. Peden to foreclose the above mortgage; that the same proceeded to final decree and master's deed was issued to the defendant, John P. Proctor, who became the purchaser at master's sale, said master's deed being * * * dated December 16, 1931, and recorded in deed book 1468, page 336; that the said deed did not convey to the purchaser any greater interest than the mortgagor, Mary A. Peden, had into or against the said property; and did not convey any title to the purchaser, John P. Proctor, but at most, only operated as an assignment of the dower rights of the said mortgagor, Mary A. Peden, in and to the said property;

"That by the purchase at the master's sale aforesaid and by the deed from the said Master to the defendant, John P. Proctor, the said John P. Proctor did not obtain any right to the possession of said property nor any right of cotenancy with plaintiffs;"

That defendant, John P. Proctor, is maintaining an action in the County Judge's court to dispossess the defendant, Mary A. Peden, a widow, which will affect plaintiff's right to continue in possession of the part of the homestead real estate covered by the mortgage executed by Mary A. Peden to John P. Proctor, and the master's deed to Proctor under the foreclosure decree.

Appropriate decrees are prayed for.

By answer John P. Proctor and his wife averred and adduced evidence as to facts designed to show estoppel of the plaintiffs.

There is evidence that the plaintiffs had no knowledge of the mortgage executed by their mother covering a part

of the homestead property and that they or some of them protested against a foreclosure when they first heard of the mortgage. There is also evidence that the plaintiffs participated in or acquiesced in the conveyance by their mother of portions of the homestead real estate not covered by the mortgage, and of other matters which it is insisted estop the plaintiffs from claiming against the title of their mother acquired through the voluntary conveyance from Edward Barnott and his wife to John H. Peden and from Peden to the wife, Mary A. Barnott, individually.

After the death of the homestead owner, Edward Barnott, his widow conveyed by warranty deeds duly recorded, portions of the homestead real estate to third persons and likewise conveyed other portions of the homestead to the several children of Edward Barnott, deceased, some of whom conveyed to third persons, in all of which the said children acquiesced. Such conveyances by the widow of Edward Barnott necessarily had relation to the deeds of conveyance of the homestead to the wife in 1892 before the death of Edward Barnott, the owner of the homestead, who died about 1900.

But the evidence does not establish essential facts to operate as an estoppel as to the mortgage and sale thereunder of the portion of the homestead property *covered by the mortgage,* the plaintiffs or some of them with their mother having been continuously in actual occupancy of the mortgaged land since it was acquired as a homestead by the father in 1892.

However, the following statute bars the plaintiffs:

"CHAPTER 10171—(No. 149).

"AN ACT prescribing a limitation of time after the record of a deed or the probate of a will, when a person may not

assert a claim to certain lands and validating certain conveyances.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. After the lapse of twenty ·(20) years from the record of any deed or the probate of any will purporting to convey lands, no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in the title.

"Sec. 2. After the lapse of twenty (20) years, all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim.

"Sec. 3. Any person whose rights are adversely affected by this Act will have six (6) months within which to institute suit to protect such rights and the Act shall not affect pending litigation.

"Sec. 4. This Act shall take effect upon becoming a law.

"Approved May 22, 1925."

See Sections 4660, 4661, 4662, C. G. L.

The voluntary deed executed by Edward Barnott and Mary A. Barnott, his wife, purporting to convey the homestead of Barnott to John H. Peden, and the voluntary deed from John H. Peden to Mrs. Bary A. Barnott, purporting to convey the same property, were duly filed for record or recorded December 20, 1892, and were in the chain of title to the portions of the homestead conveyed by the widow to other parties and acquiesced in by the plaintiffs. Plaintiffs, heirs of Edward Barnott, claim against the stated deeds and such claim is essential to obtain the relief sought by· the plaintiffs in this suit. More than twenty years elapsed after the recording of the deeds in 1892 under which

title is claimed by Proctor through the mortgage executed by Mary A. Peden who was Mary A. Barnott and mother of plaintiffs, and before the mortgage was executed by Mrs. Peden to Proctor in 1928, and before any claim to the property by plaintiffs was asserted by the institution of this suit May 11, 1934. The rights now asserted by the plaintiffs against Proctor who claims under the voluntary deeds executed and recorded in 1892, are barred by the statute above quoted, even though the plaintiffs or some of them have continuously remained on the homestead real estate and have not by acts *in pais* or otherwise, without the force of the statute, estopped themselves from claiming against the deeds executed in 1892 of which deeds plaintiffs had actual notice in conveyance of other portions of the homestead in which they participated or in which they acquiesced. The statute of its own force bars the plaintiffs from the relief they here seek with reference to the portion of the homestead covered by the mortgage to Proctor and here involved. The plaintiffs had actual as well as constructive notice of the attempted conveyance of the homestead by Edward Barnott in 1892, in that they knew of and acquiesced in conveyances of portions of /the homestead made by the widow under the conveyance to her in 1892. The statute does not purport to validate the deeds executed in 1892 purporting to convey the homestead real estate to the wife of the owner of the homestead. The statute operates to prevent the plaintiffs from claiming against the purported conveyance to the wife, the mother of the plaintiffs, after the lapse of the statutory period, the plaintiffs being *sui juris* and having had for many years constructive and actual knowledge of the deeds recorded in 1892 against which recorded deeds plaintiffs now assert title, after participating in or acquiescing in conveyances by their mother

of other portions of the homestead, thereby recognizing the existence of the deeds recorded in 1892 purporting to convey the homestead to their mother.

Affirmed.

TERRELL, BUFORD, and DAVIS, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent in part.

BROWN, J. (dissenting in part).—It may be that as to those portions of the homestead not covered by the mortgage which had been conveyed away by the widow after her husband's death with the participating in or acquiescence of the children therein, the children, under the evidence in this case, being of age, have either actually waived their rights or estopped themselves from raising any question as to the effectiveness of such transfers. But it appears that they are not estopped to question the validity of the mortgage their mother made to Proctor, and the proceedings foreclosing the same, in so far as their title is concerned, because they had nothing to do with the execution of the mortgage and were not made parties to the foreclosure proceedings.

Upon the death of their father, Edward Barnott, his homestead, under the express provisions of Article X of the Constitution, inured to the benefit of his widow and heirs. It is true, Barnott had before his death endeavored to convey the homestead to his wife by making a voluntary conveyance to Peden who then conveyed to Mrs. Barnott, but this conveyance was ineffectual, and in so far as the children were concerned, absolutely void. By a line of carefully considered cases, this court has held that the homestead provided for in the Constitution was provided for the benefit of the family, and that it could not be conveyed, either directly or indirectly, by the husband to the wife; that a conveyance by the husband to the wife was void,

and that upon the death of the husband the homestead "inured to the benefit of the widow and heirs," regardless of the ages of the children or heirs, unless of course it had previously been conveyed away by. the husband in his lifetime, joined by his wife, in the only way provided in the Constitution by which it could be alienated. See Byrd v. Byrd, 73 Fla. 322, 74 So. 313; Hill v. First National Bank, 79 Fla. 391, 84 So. 190; Semple v. Semple, 82 Fla., 138, 89 So. 638; and cases cited. The very method by which in this case Edward Barnott attempted to convey his home-stead to his wife has been condemned as an ineffectual attempt to do indirectly what the Constitution will not permit to be done directly, and hence falls under the same ban. Norton v. Baya, 88 Fla. 1, 102 So. 361; Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Bess v. Anderson, 102 Fla. 1127, 136 So. 898.

Proctor, the mortgagee, was put on record notice as to the homestead character of the property mortgaged by Mrs. Barnott, then Mrs. Peden, to him in 1928. Edward Barnott homesteaded this property and when the federal government conveyed the property to him in 1892, the conveyance or patent showed that he had acquired it under the homestead law. Furthermore, he occupied the property as a homestead until his death, and since then his widow has been in continuous possession of this portion of. the property, being that on which- the home was and is located.

As against the children of Edward Barnott, the deed of the homestead to Mrs. Barnott, made in November, 1892, being void, her mortgage to Proctor is, as to the children's title, also ineffectual and void. I do not believe that the twenty-year statute, Chapter 10171, of the laws of 1925, can impart validity to the deed to Mrs. Barnott in so far as the rights of the children were and are concerned. To

hold otherwise would be in effect to hold that the Legislature could put a limitation upon the homestead rights of the children expressly guaranteed to them by the Constitution, which limitation the Constitution makers did not see fit to provide.

The dominant public policy of the State as to homestead property is established by the Constitution itself, and that policy cannot be changed or impaired, directly or indirectly, by the Legislature.

In the cases which I have cited, and in numerous other decisions by this court, the constitutional provision that the homestead inures to the benefit of the children, as well as the widow, has been given full force and effect. This is a continuing provision, and applies to and protects the rights of the children after the death of the head of the household until they themselves have seen fit to lawfully convey away or otherwise part with those rights.

For these reasons, on this point, I respectfully dissent.

ELLIS, C. J., concurs.