70 So.2d 555 (1954)
THOMPSON et al.
v.
THOMPSON et al.
Supreme Court of Florida. Division A.
February 19, 1954.
Rehearing Denied March 15, 1954.
*556 W.H. Wilson, Jr., and Joe E. Hodges, Lake City, for appellants.
J.B. Hodges, Lake City, for appellees.
MATHEWS, Justice.
On the 5th day of May, 1926, the appellant, Frank E. Thompson, Sr., executed a deed to his wife purporting to convey a piece of property on which was located a homestead. On January 21, 1951, Maude W. Thompson, wife of the appellant, died and left a purported will leaving a portion of the property involved in this suit to her son, Thomas Albert Thompson. The Probate Judge refused to probate the will until some determination in some judicial proceeding could be made concerning the status of the property and the effect of the aforementioned deed and will. A suit was filed in the Circuit Court alleging that the property was homestead property and that the deed and will were ineffectual to vest title in the property in the son Thomas Albert Thompson. This suit was dismissed by the Chancellor and this appeal is made from that order.
The bill of complaint was filed March 26, 1953. All of the parties were over thirty-three years of age at the time suit was filed. The deed mentioned had been recorded for more than twenty years prior to the institution of the suit. There is no claim of disability on the part of either of the parties or any allegations of fraud, forgery, concealment or other defect alleged to exist with reference to the deed. The deed was absolute on its face and purported to convey for valuable consideration an interest in the property and the said deed had never been challenged, disputed, questioned or attacked by anyone for more than twenty years, while the grantor and grantee were living. The record shows that all parties to the proceeding knew of the deed and even if they had no actual knowledge of the deed, they were charged with constructive knowledge thereof by reason of the same having been recorded.
Each child now attacking the deed had been sui juris for more than seven years prior to the institution of this suit and the deed had been on record for more than twenty years prior to the institution of the suit.
The appellant, Frank E. Thompson, Sr., alleges that the deed was executed on his part in an effort to defraud his creditors. The bill of complaint shows that he had become involved and had an idea that he could divert his creditors by making a deed to his wife.
F.S. § 95.23, F.S.A. reads as follows:
"After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
"After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim."
F.S. § 95.26, F.S.A. has reduced the limitation to ten years.
F.S. § 694.08, F.S.A. validates instruments of record of more than seven years which are defective by reason of execution.
In the motion to dismiss the second amended bill of complaint, it is alleged, among other things, as follows:
"3. It clearly appears on the face of said Bill of Complaint that the instrument *557 sought to be set aside and cancelled has been of record for more than 25 years in the Office of the Clerk of this Court."
The order on the motion to dismiss the second amended bill of complaint reads as follows:
"This cause came on for hearing upon the motion of the Defendant, Thomas Albert Thompson, to dismiss the Second Amended Bill of Complaint served May 23, 1953. Upon consideration of said motion, the same is hereby granted upon ground number three (3) upon the authority of Barnott v. Proctor, 128 Fla. 63, 174 So. 404. * * *"
No reversible error has been made to appear.
Affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.