72 So.2d 905 (1954)
MOYER
v.
CLARK et al.
Supreme Court of Florida. Special Division A.
May 28, 1954.
Rehearing Denied June 17, 1954.
Thomas A. Horkan, Jr., Miami, for petitioner.
Ruth Clark Rowe, Miami Beach, for respondents.
DREW, Justice.
Petitioner seeks an order of this Court under Rule 34, 30 F.S.A., quashing orders of the lower court striking his answer and dismissing his counterclaim in a suit to quiet title. Petitioner and respondents will be referred to in this opinion as defendant and plaintiffs, respectfully, this being their *906 status in the lower court. The pertinent facts are stated below.
On July 1, 1932, defendant purchased certain unimproved lands but took title in the name of Lillie M. Nutting by warranty deed which was recorded on December 9, 1932. On July 2, 1932 Lillie M. Nutting conveyed the property to the defendant but that deed was not recorded until May 1953. Lillie M. Nutting died on March 23, 1950 and by appropriate proceedings her administratrix sold and conveyed the property in question to plaintiff, H.M. Clark, on April 20, 1953. In his answer to the suit to quiet title brought by Clark, the defendant averred that Clark was not a bona fide purchaser for value in that he paid an inadequate consideration for the land and that he took title with knowledge of the existence of defendant's outstanding though unrecorded deed. The defendant also counterclaimed, making the administratrix a party and praying that his title to the property be quieted. In the counterclaim he alleged ownership in himself under the unrecorded deed and that he had paid all taxes on the lands through 1952.
The chancellor entered orders striking the answer and dismissing the counterclaim of defendant. The orders were based on the premise that "more than twenty years elapsed between December 9, 1932, the date of the recording of deeds to the decedent, Lillie M. Nutting, under whom both counter-defendants claim, and May, 1953, the date of recording of defendant's deeds" and that inasmuch as defendant "did not assert by competent record title any adverse claim until after a lapse of more than twenty years. * * * this case falls squarely within the provisions of Section 95.23 of the Florida Statutes, F.S.A., and that the counter-plaintiff may not now assert any claim to the lands involved in this suit as against the counter-defendants; and that the deeds of July 1, 1932, recorded December 9, 1932, are valid and effectual for conveying the lands therein described as against counter-plaintiff."
Section 95.23 F.S. 1951, F.S.A., reads as follows:
"Limitations where deed or will of record for twenty years or more. After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
"After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim."
Ordinarily a recording statute has no affect as to transactions between the parties involved, Stewart v. Mathews, 19 Fla. 752, and the mere failure to record a deed does not effect the title of the grantee except as to creditors and subsequent purchasers for a valuable consideration without notice, Black v. Skinner Mfg. Co., 53 Fla. 1090, 43 So. 919. A grantee taking title to land with knowledge of prior claims is bound by those claims, Ullendorff v. Graham, 80 Fla. 845, 87 So. 50.
Under these general principles the answer filed by defendant claiming that plaintiff Clark took his deed with knowledge of the prior conveyance to defendant, would have been a good defense. But the plaintiffs contend that by reason of the language in Section 95.23, supra, these general principles do not apply and that defendant, because he failed to record his own deed within twenty years, now has no rights under that deed.
The plaintiffs and the able chancellor below misconceived the purpose and effect of this statute. It validates and renders unimpeachable a deed or will of record for twenty years, but does not invalidate a conveyance made thereafter by a grantee or devisee under such deed or will. This statute operates upon the deed of which it speaks, that is, one of record for twenty years. The first paragraph prescribes a period of time in which claims to the land "against the claimants" under such a recorded *907 deed must be asserted. After twenty years this paragraph bars the assertion of all rights or claims contrary to the intendment of such a deed to which the statute is applicable. The next paragraph operates to validate a deed of record for twenty years by asserting that after that time the deed "shall be deemed valid and effectual" as a conveyance of the land described therein. This latter paragraph is in the nature of a curative act correcting and completing the particular transaction which might otherwise fail because of some defect or irregularity in the mechanics of the means employed. An attack upon a deed for reasons of this nature must under the statute be asserted by competent record title and unless that be done within 20 years the recorded deed is deemed valid against all persons who have not so asserted such claim adverse to the recorded deed.
Thus the statute has been held to have the effect of barring attacks upon the validity of a conveyance of record for twenty years on grounds that the conveyance was ineffective because it was in fact a mortgage, Grable v. Nunez, Fla. 1953, 64 So.2d 154; because it was made a violation of homestead laws, Barnott v. Proctor, 128 Fla. 63, 174 So. 404; Thompson v. Thompson, Fla. 1953, 70 So.2d 555; because the acknowledgment was taken by the grantee, Montgomery v. Carlton, 99 Fla. 152, 126 So. 135. It will be observed that in the latter case the statute sustained a deed against an attack directed to the mechanics of the means employed, while in the other cases the statute served to bar the assertion of rights and claims contrary to the recitals of the deed.
In the instant case defendant claims under a conveyance which is direct to him from the grantee of a deed recorded for twenty years and which is prior in time to the subsequent conveyance of the same land by the same grantee to plaintiffs with knowledge of defendant's deed. Under these facts the title to the land is validly in defendant unless Section 95.23 somehow operates to destroy that title because it was not recorded within twenty years of the recording of the deed to Nutting in 1932. The first paragraph of this statute, as to a deed of record for twenty years, operates to bar claims against the "claimants under such deed", and the second paragraph operates to bar claims "adverse" to such deed.
The title claim of defendant is not in the class of claims barred by either paragraph of the statute. The title of defendant is not "adverse" to the Nutting deed of record for twenty years but on the contrary it is in conformance with and under that deed, and therefore it is not affected by the second paragraph of the statute. Further, as to the Nutting deed, defendant is in a class of persons who are "claimants under such deed" and his title is protected and not barred by the first paragraph of the statute. It is true that the claims of defendant under the peculiar facts here is also against a claimant under the Nutting deed. However, the presence of that factor does not take away from the defendant the protection of the statute and place his title in a class of claims barred by the statute. Rather, the statute as to successive conveyances by the same grantee has no effect upon their relative merits because none is in the class of claims barred by the language of the statute.
The fallacy in the reasoning of plaintiffs becomes more apparent when their contention is examined with reference to the point of time when it is urged that the statute of limitations began to run against defendant. In this connection plaintiffs in their brief state: "Twenty years having lapsed from December 9, 1932, the date of recording of the deeds to Lillie M. Nutting, after December 9, 1952, no one, including the petitioner, E.C.A. Moyer, may assert any claim to the lands as against Lillie M. Nutting or against her successors in title, to-wit: her heirs and her estate and plaintiff." Under this view plaintiffs claim that the deed of defendant is nugatory because not recorded within twenty years from December 9, 1932, the date the Nutting deed was recorded. Suppose, however, defendant had obtained his deed from Nutting on December 9, 1949. In that event, under plaintiffs' contention he would at that time have had only three years in which to record *908 his deed or have it rendered invalid by force of the statute. Or, suppose one holding title of record from December 9, 1932 conveyed the land to a grantee on December 8, 1952. Under the plaintiffs' theory, the grantee in that case would have one day in which to record the deed; and, if such conveyance were made on December 10, 1952, it would have no validity at all. The rule urged by plaintiffs leads to absurd results.
The statute is obviously designed to allow a full twenty years for the assertion of claims with the time beginning to run from the recording of a deed. However, the key to the interpretation of the statute is a recognition of the fact that its purpose is to perfect a title of record for twenty years which might, for various reasons, otherwise be defective; the purpose is not to destroy a valid conveyance of title made by the grantee of such recorded deed simply because the subsequent conveyance is not recorded. The reason that such a subsequent title is not affected by the statute is that it is not "against the claimants under" nor "adverse" to the recorded deed.
If the Legislature had intended that a deed must be recorded within a certain time or otherwise become invalid, it could plainly have so stated. The statute obviously was not intended to have the result of requiring a grantee to record his own deed within a specified time, or lose an otherwise valid title. Other principles of law set forth above provide adequate protection to creditors or bona fide purchasers for value without notice. We do not think this statute was intended to upset those general principles.
The case of Walker v. Landress, 111 Fla. 356, 149 So. 545, cited by defendant, is not in point because successive grantees of the same grantor were not involved. Moreover, it concerned an entirely different principle. In that case the plaintiffs sought to recover land, alleging that in 1904 they or their predecessors took title to lands in the name of defendant who in 1931 repudiated the oral trust to hold title for them. The court simply held that the complaint stated facts showing a resulting trust against which the twenty year statute of limitations did not begin to run until repudiation of the trust by the trustee. In the instant case no trust is involved because the defendant from July 2, 1932 has held both the legal and equitable title to the subject property.
The plaintiffs urge that the case at bar is "squarely within the ruling of Grable v. Nunez, Fla. 1953, 64 So.2d 154, which applied Section 95.23 F.S.A. as a complete bar to anyone claiming against a deed which has been recorded over 20 years." Aside from the fact that defendant here is not claiming "against" a deed which has been recorded for more than twenty years, the cited case of Grable v. Nunez, Fla. 1953, 64 So.2d 154, is not in point. In that case the court held that after a lapse of twenty years from the recording of a deed, assertions by the grantor's heirs that the deed was in fact a mortgage were barred by Section 95.23, supra. Successive grantees from a common grantor were not involved in that case and the contention by the claimants that the deed attacked was in fact a mortgage clearly was a claim "adverse" to the deed and against "the claimants under such deed" and thus barred by the statute.
We emphasize that the very keystone of defendant's counterclaim and defense is his allegation that plaintiffs had taken title to said lands with knowledge of the fact that defendant was the actual and true owner thereof and that such knowledge in plaintiffs was both actual and implied.
Certiorari is granted and the orders under review are hereby quashed and the cause remanded for further proceedings consistent with these views.
THOMAS, Acting C.J., and SEBRING and MATHEWS, JJ., concur.