122 So.2d 322 (1960)
George V. REED and Clara M. Reed, His Wife, Appellants,
v.
Vivian FAIN, Appellee.
No. 1450.
District Court of Appeal of Florida. Second District.
July 27, 1960.
Rehearing Denied August 12, 1960.
*323 W. Wallace Shafer, Lakeland, for appellants.
James S. Welch of Welch, Bronson & Dooley, Lakeland, for appellee.
SHANNON, Judge.
The appellants were defendants below in an equitable proceeding concerning two contiguous tracts of land. The plaintiff below sought to assert her homestead rights and brought suit for the cancellation of certain *324 deeds. This appeal is from the final decree of the chancellor, in favor of the plaintiff, which found that fee simple title was vested in the plaintiff and defendant George V. Reed as tenants in common.
George V. Reed and Vivian Fain are the only children of J.M. Reed and Stella Reed, both deceased. In 1923 J.M. Reed acquired a parcel of land known as Tract 1, which became his homestead within the meaning of the Florida Constitution. During 1930, being faced with the prospect of a suit, J.M. Reed, joined by his wife Stella, conveyed this property to their son George V. Reed without consideration. George thereafter reconveyed the same parcel of real estate to J.M. Reed and Stella M. Reed, husband and wife, for the purpose of creating in them an estate by the entireties.
In 1948 J.M. Reed acquired a parcel of realty designated as Tract 2, contiguous to Tract 1. The two tracts contain less than 160 acres, are not within the limits of any municipality, city, town, or village, and J.M. Reed resided thereon as head of the household. Three years after acquiring Tract 2 J.M. Reed and his wife conveyed both tracts in fee simple to George V. Reed, reserving to themselves a life estate with survivorship. By this transaction George would obtain fee simple title and possession at the death of the survivor of his parents. J.M. Reed was committed to a mental institution in 1953, and he died in 1954. Stella M. Reed conveyed her life estate to George in 1955. She died within a year of this transfer.
On October 2, 1957 Vivian filed suit in equity seeking a cancellation of these deeds. She alleged fraud, undue influence, the lack of consideration, the lack of mental capacity of the grantor and a violation of her rights under the Florida Homestead Laws. The defendants claimed that the 1930 deed, being more than twenty years old, was now immune from attack by Florida Statute, § 95.23, F.S.A. After hearing the testimony of several witnesses, the chancellor ruled for the plaintiff, saying in part:
"While equity is not bound by the Statute of Limitations, it should carry great weight in determining whether the doctrine of laches should be applied. Absent intervening equities to the contrary, a court of equity will base its application on the doctrine of laches on the provisions of the appropriate Statute of Limitations. In this case the Court finds that there are no innocent third parties who have been affected by any of the conveyances in question and that the equities in this cause are with the Plaintiff and against the Defendants.
"Further, the Court finds that to invoke the provisions of Section 95.23 would permit an undue and unconscionable advantage to be taken by the Defendant, George V. Reed, over the Plaintiff, Vivian Fain, and the Court does hereby reject the plea of laches as represented by Section 95.23, supra. Therefore, the Court finds that said properties were not alienated in a manner provided by law and that said properties were occupied by J.M. Reed as his homestead until his death in September of 1954.
"Further, the Court finds that on April 11, 1951, J.M. Reed lacked the mental capacity necessary to effectuate the instrument of that date and the conveyance of the property therein described.
"Therefore, upon the death of J.M. Reed in September of 1954, (the father of the Plaintiff, Vivian Fain, and the Defendant, George V. Reed) who was the acknowledged head of the family, Section 731.27 of the Florida Statutes [F.S.A.] came into play and the widow, Stella M. Reed, thereupon took a life estate in the properties above described, with vested remainder to the Plaintiff, Vivian Fain, and the Defendant, George V. Reed, they being the only lineal descendants of said J.M. Reed, deceased.

*325 "It Is Ordered, Adjudged and Decreed that upon the death of Stella M. Reed in January of 1956, the fee simple title to the properties above described and the right of possession thereto, became vested in Vivian Fain and George V. Reed, as tenants in common."
The appellants have set out four points for our consideration, but in deciding this case we are concerned only with the first two points, the third and fourth being without merit.
In their first point the appellants have raised the question of whether or not § 95.23, Florida Statutes, F.S.A., has completely cured any defects in the transaction occurring in 1930 and, if so, were not the homestead attributes thereby extinquished. Under the second point, appellants question whether the chancellor was correct in holding that the grantor lacked the mental capacity necessary to effectuate the conveyance of 1951.
Section 95.23 of the Florida Statutes, F.S.A., provides as follows:
"95.23 Limitations where deed or will of record for twenty years or more.  After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
"After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim."
Generally it is well recognized that statutes of limitation apply to law actions and the doctrine of laches applies to equity cases. The two arise from separate sources, and though they may coincide in various cases, laches will take into consideration the prejudicial effects towards a party while a statute of limitation will not. To determine laches in a given case the chancellor often decides on the basis of the equivalent statute in law. Here, however, the chancellor found that no innocent third parties were involved and that applying the statute would allow George to take "undue and unconscionable advantage" of his sister.
The appellants' position is that this statute applies to all suits, legal or equitable, and for support they have cited the cases of Barnott v. Proctor, 128 Fla. 63, 174 So. 404, and Thompson v. Thompson, Fla. 1954, 70 So.2d 555, both of which were equitable. After close study we must conclude that the intervening equities present in both of these cases render them inapplicable to the case at bar, and insufficient to warrant reversing the chancellor.
In the Barnott case, supra, Edward Barnott had a homestead upon certain property in 1892 and he, with his wife and eight children, resided thereon. In the latter part of that year Barnott and wife, without consideration, conveyed this property to one Peden, who reconveyed the same to Barnott's wife, also without consideration. Barnott died in 1900 and thereafter his widow married Peden, but was again widowed when the action was brought. In 1928 Barnott's widow gave a mortgage on a portion of this property to one Proctor and ultimately lost this property through a foreclosure sale in 1931. In 1934 the eight children of Edward and Mary Barnott brought a suit against their mother and Proctor seeking to set aside the foreclosure deed and the 1892 deeds which put the record title in the wife of Edward Barnott. The defendants invoked the provisions of the predecessor of § 95.23, Florida Statutes, F.S.A., and the chancellor dismissed the complaint. On appeal the Supreme Court affirmed. A close reading of this case, however, reveals several illuminating factors. The eight children were all sui juris for more than twenty years between the time of their father's death and the time the action was brought. During this time they did not *326 assert their homestead rights, but instead they all either participated or acquiesced when their mother portioned the land and sold parts to third parties.
The Thompson case, supra, which cites the Barnott case, deals with a similar situation. In 1926 one Frank E. Thompson, in an effort to avoid creditors, executed a deed to his wife purporting to convey lands which were homestead within the meaning of Section 4, Article X of the Florida Constitution, F.S.A. Some twenty-five years later Mrs. Thompson died testate, leaving the land in question to one of her children. Frank E. Thompson, Sr. and the other children then brought suit in equity to set aside the 1926 deed. The chancellor dismissed the bill, and this ruling was affirmed by the Supreme Court. While this case is close to the case at bar on its face, once again a close reading has revealed a major factor which must distinguish it. It will be noted that one of the parties plaintiff in the Thompson case was Frank E. Thompson, Sr., the grantor in the original deed. The other parties plaintiff were children of Frank E. Thompson, Sr., who had no vested right in the property at that time. Thus we have a situation where the man who made the original conveyance in an attempt to defraud his creditors seeks equitable relief to set that conveyance aside. Reading the case in this light we cannot consider it as controlling this case.
The statute in question is discussed in a very interesting article by Dr. James W. Day, entitled "Curative Acts and Limitations Acts Designed to Remedy Defects in Florida Land Titles  IV", 9 U.Fla.L.R. 145 (1956). The article defines § 95.23 as a curative act with a limitation provision, and notes that, under the strict construction which is given to curative acts, there must be a cause of action in existence before a curative act can destroy it. Where the curative act has a time limitation, as here, the time does not begin to run until a cause of action has accrued. Applying this principle to the instant case, the plaintiff, as a daughter, had only an expectancy with reference to the homestead while her father lived. Her interest did not become vested until 1954 when the father died. If the deed is absolutely immune from attack after twenty years, then in 1950 the plaintiff lost a cause of action which did not even accrue to her until 1954.
However, our decision need not rest on logic alone, for on at least two occasions the Florida Supreme Court has gone behind the twenty year period imposed by § 95.23 or its predecessor, and investigated the underlying conveyance. We refer to Wright v. Blocker, 1940, 144 Fla. 428, 198 So. 88, and Walker v. Landress, 1933, 111 Fla. 356, 149 So. 545, both of which were equitable in nature. In the Wright case, where the deed was alleged to be a forgery, the court took occasion to say, at page 91 of 198 So.:
"The statutes here involved should not be interpreted by this Court to be the instrumentality or the vehicle by which designing or unscrupulous persons could obtain a forged deed, cause the same to be recorded, and after the expiration of the twenty years prescribed by statute, successfully assert claims thereunder in a court of chancery. We do not think this was the intention of the Legislature in the enactment thereof. * * *."
We therefore affirm the chancellor's ruling that § 95.23 does not present an absolute bar to this cause of action, and, after careful consideration of the circumstances here, we see ample justification for refusing to apply it.
Appellants' second point concerns the finding that J.J. Reed was incompetent when he made the 1951 deed. After a close study of the record, we can only conclude that this is a question about which the testimony was greatly in conflict. However, the chancellor below found that the grantor did not have the requisite mental capacity as of that date, and the appellants have not convinced us that the *327 chancellor was incorrect. We therefore affirm his holding.
Affirmed.
KANNER, Acting Chief Judge, and WARREN, LAMAR, Associate Judge, concur specially.
KANNER, Acting Chief Judge (concurring specially).
I concur in the judgment of affirmance and also in the opinion prepared by Judge Shannon, except that portion of the opinion expressing the view that a cause of action must be in existence in a claimant before section 95.23, Florida Statutes, F.S.A., can become operative against him. To apply that view would mean that as to the daughter, Vivian Fain, who could not have had any interest in the homestead property until September 28, 1954, when her father died, the statute would have twenty years to run from that date instead of twenty years from the recordation of the deed to George in 1930. The result under the main opinion would mean that the twenty year period would end in 1974, running a course of about forty-four years from the date of the recording of the instrument in 1930, as against the plain language of the statute which would place the termination date in 1950. This also would require a determination in each instance of the time of accrual of a cause of action. I believe that the view expounded in the main opinion runs counter to the statute and the cases. See Moyer v. Clark, Fla. 1954, 72 So.2d 905; Thompson v. Thompson, Fla. 1954, 70 So.2d 555, and Barnott v. Proctor, 1937, 128 Fla. 63, 174 So. 404.
I offer the following comments in support of the decision of affirmance. The Barnott and Thompson cases have additional distinguishing features from those already noted in the main opinion. Each of these two cases concerned a deed by the homestead owner to his wife, directly in one case and through a straw man in the other, thus setting up a chain of title separate and independent of the homestead owner. On the other hand, the present case dealt with the conveyance without consideration to a straw man and from him back to the homestead owner and his wife, thereby purporting to create an estate by the entireties. Thus in the two cases relied upon, a chain of title went to a person other than the homestead owner; but in the instant case the homestead owner through conveyance without consideration to another person as straw man merely inserted deeds in his own chain of title. The principal distinction is that in the Barnott and Thompson cases the rejected claims were under the homestead owner but against a deed to the third party, the wife of the homestead owner and a stranger to the chain of title; while both the claims made and being asserted here were under the same person, the homestead owner. In other words in the case here the claim of the appellants is not under a deed to a third party since the title came back to the homestead owner and the straw man was never an independent party. It must be recognized that the straw man was George, the brother who is now claiming against his sister, these being the only lineal descendants of the homestead owner. George is trying to reap the benefit of a wrongful act in which he served and participated as a conduit.
The 1930 deed of conveyance was not an alienation of the homestead as is permitted by the constitution and, therefore, was inoperative to convey title. See Norman v. Kannon, 1938, 133 Fla. 710, 182 So. 903; Bess v. Anderson, 1931, 102 Fla. 1127, 136 So. 898, and Norton v. Baya, 1924, 88 Fla. 1, 102 So. 361.
In addition, it must be noted that on April 11, 1951, J.M. Reed and his wife conveyed the property to the son, George, reserving to themselves a life estate. The chancellor, however, determined that this conveyance was ineffectual because the *328 father lacked mental capacity at the time of execution of the deed. Thus that conveyance did not create a life estate in the grantors, and George acquired no interest through it. Hence, George had no title or interest in the property whereby he could invoke the statute to count a twenty year period from the recordation of the 1930 deed.
To conclude, I am impelled to agree, as the chancellor determined that at the time of the death of the father title to the property was vested in him as a homestead. So upon his death his widow acquired a life estate, with the remainder vesting in the daughter and son as the only lineal descendants.
WARREN, LAMAR, Associate Judge, concurs.