JOHNSON, Judge.
Elvin Brown has appealed from the entry of an interlocutory order in equity granting a summary final decree in appel-lee’s favor ratifying a previous order granting partition of the land which is the subject matter of this suit. A suit praying for partition of lands belonging to the deceased father of the parties was filed by the plaintiff-appellee on July 24, 1964. A decree pro confesso was entered against defendant-appellant, a decree of partition entered, and the lower court appointed commissioners to partition the estate of the decedent. Upon petition by defendant the decree pro confesso was vacated and set aside and defendant was allowed to file his answer. Based upon the pleadings, interrogatories, depositions, and a stipulation of agreed facts, the trial judge entered the order from which this appeal is taken. The appeal was first dismissed by this court because assignments of error did not appear in the record nor was there any indication that such assignments of error had even been filed with the lower court. Upon a petition for rehearing, it was revealed that the assignments of error had in fact been filed timely and properly with the lower court, and were transmitted to this court belatedly. Upon this showing, the appeal was reinstated by this court and the case considered upon its merits as contained in the record on appeal and expounded upon in the briefs of the respective counsel.
Samuel B. Brown, the father of the parties to this cause, died intestate on July 4, 1927. At the time of his death he was the fee owner of a two hundred acre tract of land in Gilchrist County, Florida, described as “the SE '14 and the SW VÍ °f the NE -J4 of Section 13, Twp. 8 South, Rge. 16 East,” one hundred and sixty acres of which constituted his homestead, but which 160 acres was never set aside nor determined. No administration of Mr. Brown’s estate was ever had. Surviving him were his widow, Lula Gertrude Brown and nine children. After the death of her husband, the widow continued to live on the “home place”, along with one of • her sons, Cecil Brown, until her death on March 25, 1958. The widow never made an election to take a child’s part, nor was dower ever assigned or allotted to her.
On January 6, 1934, the widow executed a warranty deed, under the name “Mrs. Samuel B. Brown,” to one of the nine children, namely: Elvin Brown, the appellant, purporting to convey to him in fee the title to the east half of the southeast quarter of Section 13, Township 8 South, Range 16 East. Elvin Brown paid taxes on the above described parcel from 1934 to date of filing of the complaint in this cause, and claimed Homestead Exemption thereon for the years 1936, 1937, 1939, 1943, 1951, 1952 and 1953. The trial court found that the said Elvin Brown actually possessed one of the 40 acre tracts described in his deed, supra, and an adjacent 40 acres not described in said deed. There have been no intervening third party claimants to any of the lands, other than an acknowledged right of way easement to Florida Power Corp.
One of the nine children, the appellee herein, Lula Mae Brown Floyd, brought suit for partition of the lands and made all the interested parties, her sisters and brothers, parties defendant. The only contest or opposition to the partition suit was filed by the appellant herein, wherein his basic defense was his claim of ownership of the E 14 of SE J4, Section 13, Twp. 8, Rge. 16 East under and by virtue of his deed from his mother, Mrs. Samuel B. *217 Brown, given to him and recorded in 1934, described supra and his title by adverse possession and the statute of limitations.
Based upon interrogatories and answers thereto and upon a stipulation or agreed statement of facts, the chancellor determined, inter alia, that the defendant-appellant had entered into possession of “40 of the 80 acres” described in his deed from his mother and into possession of a “contiguous 40” which was not included in his deed, and that he has remained in possession of such 80 until the date of this decree. The chancellor further found that the defendant had failed to prove by a preponderance of the evidence that knowledge of his claim to said land by adverse possession against his sisters and brothers was so clearly and unmistakably brought home to them during their mother’s lifetime as would be sufficient to vest in him the fee simple title by adverse possession. Thereupon the chancellor granted the plaintiff’s motion for summary final decree and reinstated and confirmed the original decree of partition which had been entered October 23, 1964, and which had been set aside to permit the defendant to interpose his defenses as alleged supra. It is from this decree that this appeal is taken.
It is the contention of the appellant that his title has ripened into a valid title as to the lands described in his deed by reason of the statute of limitations and his adverse possession of the property.
It appears from the answers to interrogatories and the depositions filed, that the defendant Elvin Brown had moved a dwelling house from one part of the 200 acre tract onto the South half of the SE quarter of said Section 13 and had lived therein for several years, paying taxes thereon and claiming Homestead Exemption from taxes for a few years. He farmed a portion of the lands, cut wood and some timber and had put a fence up on one side. Elvin Brown admits that he never tried to stop any of the rest of the family from coming on the lands and getting wood as they desired. The mother and one of the children, Cecil Brown, lived on the homeplace until her death in 1958. Cecil Brown continued to live there after his mother’s death and farmed a part of the lands, but not that claimed by the appellant.
In the depositions of the appellee and her sister, Mrs. Osteen, in response to questions as to why they had waited so long after knowledge of the deed to the appellant and even after the death of their mother, it is stated that such delay was because they did not want to disturb their mother during her lifetime and that thereafter they did not want to upset Cecil Brown, and did nothing until Cecil Brown kept going to the appellee crying about threats that the appellant was making toward Cecil. Also they contended they knew Elvin Brown’s deed was not legal. Cecil had been referred to by the appellee as being mentally retarded. The indications from the deposition of the appellee are that the appellant had a very fiery temper and his brothers and sisters were hesitant to cross him.
It was also admitted that it was when Florida Power Corp. wanted a right of way easement across the SW J4 of the SE ¡4 that the appellant first learned that his deed described a 40 acre tract he was not claiming or had in possession, and that he was actually claiming and had made some showing of possession of a 40 acres not in his deed.
We pause here to point out that our statutes lay down a set of guidelines as to the nature and extent of possession necessary to gain title by adverse possession when held under a color of title different from that necessary without color of title.
In the defendant’s answer to the complaint filed in the lower court, he claims title as to “the east half of the southeast quarter of Section 13, Twp. 8 South, Rg. 16 East,” but in his deposition he claims the “south half of SE 14 of Section 13, *218 Twp. 8 South, Range 16 East.” Further in said answer, the defendant alleges that he enclosed said lands with fences and that same were protected by a substantial enclosure. The deposition of the defendant and his answers to interrogatories refute these allegations, because the answer is referring to the East half of SE 14 of Section 13, and not to the South half of SE 14 °f Section 13.
The defendant-appellant, in support of his claim that he has a good title to the East half of the SE 14 of Section 13, Township 8 South, Range 16 East, cites F.S. § 95.22 as a bar to the appellee plaintiffs action:
F.S. § 95.22, F.S.A. reads as follows:
“95.22 Limitation upon claims by remaining heirs, when deed made by one or more. When any person owning lands, or any interest in lands in Florida, shall die, and a conveyance or conveyances shall be made by one or more of his or her heirs or devisees purporting to convey either singly or in the aggregate the entire interest of the deceased in such lands, or any part thereof, or the entire title thereto,' then no person shall after seven years from the date of the record thereof, in the county where the lands lie, claim or recover the whole, or any part, of the real estate, so conveyed. * * * ”
Samuel B. Brown, the father of the parties hereto, died intestate in July 1927 and therefore the compiled General Laws of Florida, Section 4659, would be applicable to the instant case instead of the present F.S. § 95.22, F.S.A., if either were applicable.
Section 4659, Compiled General Laws of Florida of 1927, reads as follows:
“4659. Limitation of claims by heirs as to lands conveyed. When any person owning lands, or any interest in lands in Florida, has died or shall die intestate as to such lands, and a deed or deeds have been or shall be made by one or more of his or her heirs or devisees purporting to convey either singly or in the aggregate the entire interest of the deceased in such lands, or any part thereof, or the entire title thereto, then no person shall after twenty years from the date of the record of such deed, or deeds, in the county where the lands lie, claim or recover the whole, or any part, of the real estate' so conveyed as heir at law, devisee, or otherwise, of or under such deceased person: Provided, that suit may be brought by any such heir or devisee within four months from June 8, 1925, and no suit pending on such date shall be affected by this section.”
These two statutes are practically the same except that the earlier statute provides for 20 years and the present statute provides for 7 years.
The earlier decisions of our Supreme Court interpreting our laws of descent and distribution have held that the widow is not an “heir” of her husband, but takes as a “widow”.[1] Under this interpretation, the cited statute, 4659 Compiled General Laws of Florida 1927 would be inapplicable because it is limited to “heirs, devisees, etc.” This appears to have been the interpretation at the time of Mr. Brown’s death in 1927.
Later, however, in 1930, the Florida Supreme Court in Arnold v. Wells[2] defined the word “heir” as being one of those appointed by law to succeed to a person’s estate in the event of intestacy. In this latter case the court was dealing with a deceased woman’s estate, but made no apparent distinction in defining the term “heir.” A reading of Section 4659, Compiled General Laws of Florida, 1927, however, which did not include the wife as one of the takers of a decedent’s estate as does the present statute, leads us to the conclusion that this section can bring no comfort to the appellant even if there were not oth *219 er facts affecting his rights, such as the homestead feature, treated hereinafter.
Section 5484, Compiled General Laws of Florida, 1927, provides that if the head of the family dies leaving a widow and children, the widow shall be entitled to dower or a child’s part in such homestead, and if she fails to elect to take a child’s part, she shall be confined to dower, which is a life estate only. In the instant case, the widow made no election to take a child’s part and is therefore confined to dower. The Florida Supreme Court has held in Raulerson v. Peeples[3] that a widow entitled to a dower interest in land, in conveying by an instrument in the form of a deed all her interest in the land in which dower has not been assigned, makes simply an assigment of an equitable claim to have dower assigned; but such instrument conveys upon her grantee no right of entry at law. The court in a later case, Mullan v. Bank of Pasco County, said:[4]
“Since the widow had not elected to take a child’s part in the homestead in lieu of dower and since her dower therein had not been assigned or allotted to her, her deed to Roberts some 26 months after the probating of the will vested in him no legal interest in the property, but conferred upon him whatever rights she as widow had to have her dower therein assigned.”
In the case sub judice, the appellant acquired by his deed from his mother only her life estate. This deed, of necessity, included at least 40 acres of the homestead and, inasmuch as there had been no designation of which parcels comprised the homestead, the entire 80 acres' could as easily be claimed as part of the homestead.
We therefore hold that neither F.S. § 95.22, F.S.A., nor its predecessor Section 4659, Compiled General Laws of Florida of 1927, afford a favorable defense to the defendant-appellant and that the chancellor was correct in so holding.
We now come to the second statute of limitations asserted by the appellant as a defense: F.S. § 95.23, F.S.A., which in 1927, the year of the death of the land owner parent, was Sections 4660 and 4661, Compiled General Laws of Florida 1927, which read as follows:
“4660. Limitations in favor of claimants under will or deed which has been recorded. — After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
“4661. Same; validation of deeds or wills.- — After the lapse of twenty years all deeds or wills referred to in section 4660 shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim.”
In the past there have been conflicting and near conflicting decisions in our Supreme Court decisions with respect to the application of both F.S. Sections 95.22 and 95.23, F.S.A. [or their predecessor statutes, 4659, 4660, and 4661 Compiled General Laws of Florida, 1927] but we believe we have supra expressed the prevailing rule in this state as to the application of F.S. § 95.22, F.S.A. [4659 C.G.L. 1927] and the Supreme Court, as to F.S. § 95.23, F.S.A. [4660 and 4661, C.G.L., 1927], has summarized and clarified the previous conflicts relative thereto by the rendition of its majority opinion authored by the late Hon. Justice T. Frank Hobson on a petition for rehearing in the case of Reed v. *220 Fain [5] wherein the Supreme Court receded from its previous decisions in Thompson v. Thompson [6] and Moyer v. Clark [7] and held, inter alia, that F.S. § 95.23, F.S.A., was never intended by the Legislature to be applicable to “Homestead property.” (145 So.2d page 871). The lands involved in the instant case were impressed in whole or in part with the homestead virtue, with no one being able to designate whether or not the entire 80 acres in question was homestead, since it was part of a contiguous 200 acre tract.
The question is also present as to when did the 20 year statute begin to run, even if the statute was applicable, and our Supreme Court pointed out in Reed v. Fain, supra, that a court of equity applies the rule of laches instead of the strict statute of limitations, and pointed out: “No normal child would even question or investigate the propriety or legality of his parents’ action much less bring a suit against them at any time, especially during the evening tide of life, and take the chance of disrupting or destroying the cordial parent and child relationship which should ever remain inviolate.”
It is to be remembered that in the depositions in this case, the fiery temper of the appellant was pointed out, and the fact of the retarded child still at home with the mother until her death in 1958, and the use of the homeplace thereafter by the brother who had stayed with his mother until her death.
We think the facts in the case sub judice are such as to bring this case within the general principles of law laid down in Reed v. Fain, supra, and should be controlled thereby and that the statutes above enumerated do not constitute a bar or defense to the plaintiff’s action.
The trial court found the evidence to be insufficient to establish title by adverse possession and we will not attempt to substitute our judgment because there does appear a sufficient quantity of testimony to support the chancellor’s finding thereon.
Appellant’s further contention that the entry of the summary final decree was error because based upon an erroneous finding of fact, is without merit. We cannot agree that he acquired title to the land he claims by adverse possession under F.S. § 95.16, F.S.A. Adverse possession is possible as against a cotenant and this court held in Vaughn v. Vaughn, 119 So.2d 391 (Fla.App.1960) that “adverse possession may run against a remainderman ‘before the life estate falls in’ where knowledge is brought home to the remainderman of the adverse claim of title.”
In Vaughn v. Vaughn, supra, at page 393, we said:
“ * * * However, where a fiduciary relation does exist, as is the case here between lineal descendants who by operation of law become prima facie jointly vested with title as remaindermen of property that constituted the homestead, the key to the situation always depends on whether the remainderman claiming adversely to his fellow remaindermen has clearly brought home to the latter the fact that he asserts such adverse attitude against what would ordinarily be their common interest.”
It was stated in Gracy v. Fielding, 71 Fla. 1, 70 So. 625, 627 (1916) that:
“ * * * The possession of one tenant in common is prima facie presumed to be the possession of all, and such possession does not become adverse to the other cotenants, unless they are actually ousted, or unless the possession of the one is exclusive of and openly hostile to his co-tenants, and the character of such posses *221 sion is brought home to them by actual notice of such adverse holding, or that such possession is so open and notorious in its hostility to an exclusiveness of them as to put them on notice of its adverse character.”
We think the chancellor correctly determined that appellant, under the facts here, did not meet the test and acquire title to the land in question by adverse possession.
For the reasons stated, the decree appealed from is hereby
Affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.

. Miller v. Finegan, 26 Fla. 29, 7 So. 140, 6 L.R.A. 813.

. Arnold v. Wells, 100 Fla. 1470, 131 So. 400 (Fla.1930).

. Raulerson v. Peeples, 79 Fla. 367, 84 So. 370 (Fla.1920).

. Mullan v. Bank of Pasco County, 101 Fla. 1097, 133 So. 323, 327 (Fla.1931).

. Reed v. Fain, 145 So.2d 858 (Fla.1961).

. Thompson v. Thompson, 70 So.2d 555 (Fla.1954).

. Moyer v. Clark, 72 So.2d 905 (Fla.1954).