IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GEORGE PETTIS,

     Appellant,

v.

LESHAUN MERRITT
CHRISENTERY, UNKNOWN
HEIRS OF HENRY PITTMAN
AND FANNIE PITTMAN, HIS
WIFE, BOTH DECEASED,
UNKNOWN HEIRS OF FRED
PITTMAN AND MARY
PITTMAN, HIS WIFE, BOTH
DECEASED, UNKNOWN
HEIRS OF LUCINDA HESTER,
A WIDOW, DECEASED,
UNKNOWN HEIRS OF
ULYSEE PITTMAN,
DECEASED, UNKNOWN
HEIRS OF ROBERT PITTMAN,
DECEASED, JESSIE PITTMAN
(KNOW HEIR OF ULYSEE
PITTMAN), GERTRUDE
PITTMAN, ELIZABETH
PITTMAN ROBERTSON,
UNKNOWN HEIRS OF
CHANCE JOHNSON,
DECEASED, JOSIE LEE
JOHNSON (KNOWN HEIR OF
CHANCE JOHNSON), SADIE R.
JOHNSON, LUCILLE BENTLY,
ULYSEES JOHNSON OR
UNKNOWN HEIRS IF
DECEASED, BENJAMIN
JOHNSON OR UNKNOWN
HEIRS IF DECEASED,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-506

LUCILLE J. BELL OR UNKNOWN HEIRS IF DECEASED, WILLIAM JOHNSON OR UNKNOWN HEIRS IF DECEASED, LONGSWORTH JOHNSON OR UNKNOWN HEIRS IF DECEASED, MARCUS L. LEWIS OR UNKNOWN HEIRS IF DECEASED, THE JACKSON COUNTY SCHOOL BOARD, THE UNKNOWN SPOUSES, HEIRS, DEVISEES, GRANTEES, CREDITORS AND ALL OTHER PARTIES CLAIMING BY THROUGH NED PITTMAN AND/OR LUCILLE PITTMAN HADLEY, OR EDWARD ANDREW JOHNSON, AND ALL OTHER PARTIES CLAIMING BY THROUGH, UNDER OR AGAINST THEM AND ALL UNKNOWN NATURAL PERSONS IF ALIVE, AND IF DEAD OR NOT KNOWN TO BE DEAD OR ALIVE, THEIR SEVERAL AND RESPECTIVE UNKNOWN SPOUSE, HEIRS, DEVISEES, GRANTEES AND CREDITORS OR OTHER PARTIES CLAIMING BY THROUGH OR UNDER THOSE UNKNOWN NATURAL PERSONS; AND ALL CLAIMANTS, PERSONS OR PARTIES, NATURAL OR CORPORATE, OR WHOSE EXACT LEGAL STATUS IS UNKNOWN, CLAIMING

UNDER ANY OF THE ABOVE
NAMES OR DESCRIBED
DEFENDANTS OR PARTIES
OR CLAIMING TO HAVE ANY
RIGHT, TITLE OR INTEREST
IN AND TO THE LANDS
HEREAFTER DESCRIBED,

      Appellees.

_____/

Opinion filed October 24, 2017.

An appeal from the Circuit Court for Jackson County.
Wade Mercer, Judge.

Martha S. Eskuchen of Marianna, for Appellant.

Elizabeth M. Simpson of Marianna, for Appellees.

PER CURIAM.

      George Pettis, the plaintiff below, appeals the adverse final judgment in this convoluted dispute over the ownership of 60 acres of land located in "the East 1/2 of the Southeast 1/4 of Section 10 in Township 3 North, Range 10 West" in Jackson County. Pettis' claim of ownership is based on a chain of title that dates back to 1898 but contains deeds with multiple problems, including 1942 and 1955 deeds that

have obvious scrivener's errors in their legal descriptions[1] and a "root of title" deed that, on its face, conveys an estate in the land that the grantor did not own.[2] Pettis sought to reform the deeds, quiet his title, and, if necessary, partition the property between himself and Appellees.

The trial court denied the reformation claim, concluding that it was barred by the 20-year statute of limitations in section 95.231(2), Florida Statutes. This was error. The plain language of this statute only bars claims "against the claimants under the deed . . . or their successors in title." Here, Pettis is a successor in title under the deeds he is seeking to reform, and unlike the plaintiffs in the cases relied on by the trial court and Appellees,[3] Pettis is seeking relief in conformance with—and not adverse to—the interests of the claimants under the deeds. Thus, Pettis' reformation claim is not barred by section 95.231(2). See Moyer v. Clark, 72 So. 2d 905, 907-08 (Fla. 1954) (holding that quiet title claim of successor in title was not

---

[1] The 1942 deeds described the property being conveyed as the grantors' interests in the South 1/2 of the Southeast 1/4 of Section 10, rather than the East 1/2 of that quarter-section. The 1955 deed described the property as being located in Township 6 North, rather than Township 3 North.

[2] The 1955 deed—which Pettis contends is the root of his title for purposes of the Marketable Record Title Act—purported to convey fee simple title to an unspecified 60 acres, rather than the undivided 6/8 interest in 80 acres actually owned by the grantor.

[3] See Inglis v. First Union Nat'l Bank, 797 So. 2d 26 (Fla. 1st DCA 2001); Rigby v. Liles, 505 So. 2d 598 (Fla. 1st DCA 1987); Holland v. Hattaway, 438 So. 2d 456 (Fla. 5th DCA 1983).

barred by section 95.23, Florida Statutes,[4] because the claim was not adverse to the recorded deed), repudiated in part on other grounds by Reed v. Fain, 145 So. 2d 858, 871 (Fla. 1961).

Accordingly, we reverse the final judgment and remand for further proceedings on the reformation claim. And because the trial court's ruling on Pettis' other claims hinged on its ruling on the reformation of the legal descriptions in the 1942 and 1955 deeds, the trial court will also need to reevaluate the other claims— and the impact of the Marketable Record Title Act—on remand.

REVERSED and REMANDED for further proceedings.

LEWIS, WETHERELL, and WINSOR, JJ., CONCUR.

---

[4] The substance of section 95.23 was later transferred to section 95.231(2), Florida Statutes. See ch. 74-382, § 17, at 1214, Laws of Fla.